## THOMAS O'CONNER v. THE STATE.

1. When a fine is imposed on a trial for a misdemeanor, the District Court has no authority to commit the person convicted to jail until the fine and costs are paid, and at the same time issue an execution therefor.

2. A person summoned by an officer legally authorized to execute a search warrant, to attend him armed as one of the posse to assist in its execution, cannot be convicted for carrying deadly weapons while thus employed, though he may, in company with the officer and while under his orders, have gone in a direction which he was not required to go in executing the process.

APPEAL from Goliad.    Tried below before the Hon. D. C. Claiborne.

*Elsberry R. Lane*, for appellant.

*Geo. Clark, Attorney-General*, for the State.

DEVINE, ASSOCIATE JUSTICE.—The defendant was indicted at the February term, 1873, of the District Court of Goliad county, for unlawfully carrying about his person, on the fifteenth of January, 1873, a pistol, contrary to law, etc., and tried at the June term, 1873, when a verdict of guilty was rendered by the jury, who assessed a fine of twenty-five dollars.

There was a motion for a new trial, which was refused by the court, and an appeal taken by the defendant.

Among the errors assigned by counsel, the following may be noticed:  " 1. The court erred in refusing charges requested by defendant.  2. The court erred in its charge to the jury.  3. The court erred in authorizing a *capias pro fine* and execution to issue at the same time on the judgment."

The errors complained of, and the charges given or refused by the presiding judge, can be best understood by a recital of the material evidence given in on the trial of the cause.

The statement of facts shows that on the —— day of February, 1873, the defendant came from his home in Refugio county to the town of Goliad and consulted the district attorney with reference to the proper mode of proceeding to recover from unauthorized persons in Goliad county the hides which they had taken from his (the defendant's) cattle, which he alleged had been killed by them for that purpose; that the district attorney drew the required affidavits, which were sworn to by defendant, and the required writs and search warrants were issued by the justice; that these writs and search warrants were placed by the sheriff in the hands of an officer authorized to execute them; that the officer summoned a posse (including the defendant) to aid him in executing the writs, and in making the search; that the posse were directed by the officer to arm themselves (he apprehending resistance); and that the posse armed themselves with guns and pistols.

The defendant, having gone to the hotel, armed himself with a pistol.

In the execution of the writs, or on the way, the officer stopped with the posse at several places not included in the writs, and sometimes deflected from the direct road and asked permission from the persons there residing to inspect the cattle hides in their possession, and in every place visited found hides which those in possession of them admitted to be branded with defendant's brand, and gave them up to defendant—they declining, when asked if they desired to have a trial of the right of property.

The evidence shows further, that during the time the defendant carried the pistol as charged, he was under the command of the officer as one of the posse; that after the execution of the writs the officer left the defendant with the posse on Lane's creek, about to return to their homes, and thought they did so.

This evidence was introduced by the State, and consti-

tutes all the material facts. In view of this evidence, we believe it was error on the part of the judge to refuse the following instruction asked by defendant's counsel :

"That the search warrants in the hands of the officer would protect the defendant, if he was summoned as a member of the posse, notwithstanding the policeman or officer commanding the party should stop on the way, or deflect from the direct road, in executing the writs or search warrants."

And the refusal to give this instruction is more strikingly erroneous when it is evident that the charge of the court on this portion of the evidence was not what we consider a correct view of the law and was calculated to deprive the defendant of a valid defense.

We believe the judgment of the court committing the defendant to the county jail until the fine and costs were paid, and directing execution to issue therefor at the same time, was not authorized by law or sanctioned by the practice of the courts, and presume it was an error of the clerk to which the attention of the court was not called.

There being error in refusing the instruction asked by defendant, and likewise in the charge of the court on the same subject, the cause is reversed and remanded.

REVERSED AND REMANDED.