### E. Y. THOMPSON v. THE STATE.

*No. 1100.    Decided May 19th, 1897.*

**Taking Up and Using an Estray—Evidence Insufficient.**

See, facts stated in the opinion, which are held insufficient to support a verdict and judgment of conviction for taking up and using an estray horse without complying with the law regulating estrays.

APPEAL from the County Court of Coleman. Tried below before Hon. B. F. ROSE, County Judge.

Appeal from a conviction for unlawfully taking up and using an estray, without complying with the law regulating estrays; penalty, a fine of $1.

The opinion contains a concise statement of the material facts in the case.

*T. R. Austin*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of a violation of the estray law, and appeals. The first count of the indictment charges appellant with having unlawfully removed a certain estray horse from Coleman County, and the second count charges that he unlawfully took up and used said animal without complying with the law regulating estrays. There are several questions raised by appellant that we deem unnecessary to be discussed under the view we take of the case. It is contended that the testimony is insufficient to support the conviction. We believe the point is well taken. The State's case, as made by the witnesses, is that the horse in question had been in defendant's pasture for two or three years. The State failed to show how the animal came to be in the pasture. The defendant's testimony shows that about three years before the trial of this case the horse broke into the pasture at a time when there was neither water nor grass in the lane on the outside of the pasture, and that he could not keep up his fence, nor keep his gates closed, and, knowing that the horse would starve for water and grass on the outside, he therefore let him remain in the pasture. The State also showed that the defendant's boys were seen to use the horse, but no witness for the State testified that the defendant ever handled the horse, or ever used him in any manner. The testimony for the defense shows that the defendant never handled the horse, and that his boys broke and used the horse in the absence of the defendant. These boys were from 15 to 20 years of age. One of the defendant's sons was shown to have used the animal on one occasion in the presence of the defendant. If the son of defendant, with the complicity of the defendant, took up and used the horse, this would constitute the defendant a principal; but, in the absence of the defendant's complicity in such use of the horse by his son, he could not be held guilty. This is the only means under the record in this case by which the defendant could possibly be held guilty, for there is not a word of testimony going to show that he ever took up or ever used the horse. As we understand this record, the defendant not only did not authorize his sons to take up the horse, but told them not to so, as he had about fifty head of his own horses that he desired them to break and use. The verdict of the jury is not supported by the evidence, and for this reason the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*