Francisco Gonzales v. The State.

No. 3732. Decided May 6, 1908.

**Carrying Arms Near Voting Box on Election Day—County Commissioner— Charge of Court—Special Constable.**

Where upon trial for carrying arms within a distance of one half mile of a voting box upon election day, the defendant showed that he carried a gun under special appointment as special constable by one of the county commissioners, to keep the peace, prevent riots, etc., on said election, and requested charges thereon in writing to the jury, which the court refused to submit. Held, reversible error.

Appeal from the County Court of Starr. Tried below before the Hon. J. R. Monroe.

Appeal from a conviction of unlawfully carrying arms on election day; penalty, a fine of $100.

The opinion states the case.

*W. L. Dawson, A. I. Hudson* and *R. B. Creager,* for appellant.— One acting in the capacity of a special constable to keep the peace on election day is a peace officer in contemplation of law, and is not acting in violation of the law by carrying a gun or pistol within half mile of the voting place, as provided by article 169, Penal Code, and

the written deputation and commission issued to defendant, constituted him a peace officer and conferred upon him the right to carry arms.

The undisputed evidence showed that Jose Pina, County Commissioner in and for Precinct No. 1 of Starr County, did on the 5th day of November A. D., 1906 duly appoint and issue a commission to said defendant as a special constable to keep the peace at and during said election, and that said defendant had accepted said appointment and taken the required oath of office. Carrol v. State, 57 S. W. Rep., 94; Brown v. State, 43 Texas Crim. Rep., 411; 60 S. W. Rep., 548. Arts. 41 and 136, Code Crim. Proc.; Art. 169, Penal Code. Shannon v. State, 65 S. W. Rep., 1065; Blair v. State, 26 Texas Crim. App., 387.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was indicted and convicted under article 169 of the Penal Code, which prohibits carrying arms within the distance of one half mile of any voting box on election day.

The evidence is that he had a gun and pistol within the prohibited distance on an election day. The sheriff testifies that he (appellant) was not a peace officer so far as he knew. One of the county commissioners testified, as did appellant, that he was appointed one of several special constables to keep the peace and prevent riots, etc., on the general election occurring on the 6th of November, 1906, and that as such officer or special constable he carried his gun and pistol under the authority and command of the said county commissioner. The said county commissioner also issued to him a commission and administered to him the usual oath.

A request was made of the county judge by appellant's counsel to submit a charge in writing to the jury, which he declined, only reading to the jury article 169 of the Penal Code, supra, which prohibits the carrying of arms within one half mile of the voting box. Appellant through his counsel asked several special instructions, the substance of which is that under the facts adduced he should be discharged or rather the jury should return a verdict of not guilty. The court should have given a written charge when so requested, but as he did not, then he was in error in not giving the special charges requested by appellant. Under article 41 of the Code of Criminal Procedure, county commissioners are magistrates, and are specially so named. Article 136, Code of Criminal Procedure, is as follows: "For the purpose of suppressing riots, unlawful assemblies and other disturbances at elections, any magistrate may appoint a sufficient number of special constables. Such appointments shall be made to each special constable, shall be in writing, dated and signed by the magistrate, and shall recite the purpose for which such appointment is made, and the length of time it is to continue, and before the same is delivered to such special constable he shall take an oath before the magistrate to suppress, by lawful means, all riots,

unlawful assemblies and breaches of the peace of which he may receive information, and to act impartially between all parties and persons interested in the result of the election." Article 137 of the Code of Criminal Procedure is as follows: "Special constables so appointed shall, during the time for which they are appointed, exercise the powers and perform the duties properly belonging to peace officers." Under the terms of article 136, supra, any magistrate may appoint a sufficient number of special constables in writing, signed by the magistrate, and shall recite the purpose for which it is made, and the length of time it is to continue, and shall require an oath of the special constable, and article 137 confers upon said special constable during the time for which he is appointed, all the powers that properly belong to peace officers, and they are required to perform such duties. It would seem that under these provisions appellant would not be guilty. He was appointed by a county commissioner, who is a magistrate, specially denominated as such by the Legislature. Appellant had taken the oath of office, received his commission, and was appointed for a special purpose and acted as such, believing he had the right and authority to do so, and it would seem under the law that his belief was correct.

Believing the facts do not constitute appellant guilty of violating the law in carrying arms, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*