### GREEN JOHNSON v. THE STATE.

#### No. 2810. Decided February 25, 1914.

**1.—Carrying Pistol—Two Days—Written Pleadings—Former Jeopardy.**

Where it was discovered after a jury was selected and sworn that no information had been filed and the court permitted the State's counsel to prepare one and file it, whereupon defendant filed a motion to postpone the case for two days in which to prepare written pleadings, which was overruled, when he declined to plead to the information and the court entered a plea of not guilty for him, but before any other steps were taken the court reconsidered his action and decided to grant the time requested to which he was entitled by law and called defendant's counsel's attention thereto, who declined to take any action and would neither agree nor disagree to the discharge of the jury, but afterwards when the case was called upon the expiration of two days, interposed his plea of former jeopardy, which was stricken out by the court on motion of the State and the defendant thereupon tried and convicted, there was no reversible error. Davidson, Judge, dissenting.

**2.—Same—Evidence—Deputy Constable—Justice Precinct—City.**

Where the justice precinct contained no city or town of at least twenty-five hundred population, the constable thereof had no authority in law to appoint

a deputy constable, and there was no error in rejecting testimony that defendant had been deputized in said precinct by the constable thereof, and, therefore, entitled to carry a pistol. Davidson, Judge, dissenting.

**3.—Same—Evidence—Deputy Constable—Good Faith—Mistake of Law.**

Where, upon trial of unlawfully carrying a pistol, the defendant offered testimony that he had been deputized by the constable of the precinct, and, therefore, had the right to carry the pistol, and that even if the constable had no legal authority to make such appointment, but defendant believed that he had, he would not be guilty, as he acted in good faith in carrying the pistol, there was no error in excluding such testimony, as defendant was not acting under a mistake of fact, but under a mistake of law. Davidson, Judge, dissenting.

**4.—Same—Constable—Deputy—Mistake of Law—Mistake of Fact.**

Under article 4896, Revised Civil Statutes, as amended, an appointment of a deputy by a constable where said constable had no such authority to do so, is not a mistake of fact, but one of law, and can not be used as a defense for carrying a pistol even though made with all the formalities of law. Following Shannon v. State, 65 S. W. Rep., 1065. Distinguishing Blair v. State, 26 Texas Crim. App., 387.

**5.—Same—Requested Charges.**

Where, upon trial of unlawfully carrying a pistol, the requested charges were not called for under the evidence, there was no error in refusing them.

Appeal from the County Court of Burnet. Tried below before the Hon. J. G. Cook.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Jas. Flack* and *E. D. Dodson,* for appellant.—On question of innocent intent and good faith: Blair v. State, 9 S. W. Rep., 890; Baker v. State, 53 Texas Crim. Rep., 27, 108 S. W. Rep., 684; Sprowles v. State, 65 Texas Crim. Rep., 96, 143 S. W. Rep., 622; Farris v. State, 64 Texas Crim. Rep., 524, 144 S. W. Rep., 249.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, Judge.—Appellant was prosecuted and convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $100.

It appears that a complaint was filed in the County Court of Burnet County on July 7th charging appellant with unlawfully carrying a pistol, and his case was called for trial on July 28th. When the case was called for trial appellant moved to postpone the case because of the absence of one of his attorneys, which motion was by the court overruled. It appearing that no information had been filed, the county attorney then prepared and filed an information, when appellant moved to postpone the case, the motion reading: "Now comes Green Johnson, by his attorney, E. M. Dodson, and begs leave of the court for two days in which to file a written plea," signed by counsel. The court overruled this mo-

tion. A jury was duly impaneled and sworn, and the county attorney presented the information, when the court called on the defendant to enter his plea, when defendant's counsel stated that he would refuse to enter any plea at that time. The court then announced he would enter a plea of "not guilty" for him, and did so. Before any other proceedings were had, the court reconsidered his action in refusing to grant the motion of appellant in which he requested two days time in which to file written pleadings, having ascertained that he was legally entitled thereto under article 578 of the Code of Criminal Procedure. (See also Reed v State, 31 Texas Crim. Rep., 35; Evans v. State, 36 Texas Crim. Rep., 32.) In Reed's case it was held by this court, in an opinion by Judge Davidson, that a plea entered under compulsion does not serve as a waiver of the time granted by law. The court announced to appellant's counsel that as under the statutes he was entitled to the two days, he would grant it, and asked if he would agree to a discharge of the jury. Appellant and his counsel still refused to "talk," merely stating that "we made no agreement,—that the request for two days was made before the court entered a plea of not guilty for defendant." The court then withdrew the case from the consideration of the jury, before any other proceedings were had or any evidence introduced, and postponed the case until July 31st, thus granting appellant's motion for time to file written pleadings.

When the case was called on July 31st, appellant entered a "plea of former jeopardy," setting up these facts. When it was filed the county attorney filed a motion to strike it from the record upon various grounds, one of which was that no plea had ever been entered by the defendant. This motion was sustained by the court, to which action appellant excepted, and presents as his first ground why the judgment should be reversed and remanded.

Article 9 of the Code of Criminal Procedure is but a repetition of section 14 of the Bill of Rights, and reads: "No person for the same offense shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction." Our courts have been very liberal in construing this article of the Constitution. In many jurisdictions it is held that this plea is not a good plea until the verdict has been rendered by the jury, but our court, when this question first came before it, held to the more liberal interpretation, that when a person was arraigned in a court of competent jurisdiction upon a valid indictment or information, a jury empaneled and sworn, and a valid plea entered, jeopardy attaches. In the case of Powell v. State, 17 Texas Crim. App., 345, this rule was announced, specifically overruling the case of Moseley v. State, 33 Texas, 671. In the Moseley case the court was inclined to the opinion that jeopardy did not attach until verdict was rendered, but in the Powell case, supra, the correct rule was announced to be "a person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon an indictment or information

sufficient in form and substance to sustain a conviction, and a jury has been empaneled and sworn to try the case." This rule announced by Judge Hurt has been adhered to, except, as we understand the cases, where the defendant by a motion made has claimed surprise and asked for a continuance, or where he has asked for and granted a new trial, or has appealed the case and secured a reversal thereof, or in any instance where on his motion the case has been postponed and withdrawn from the consideration of the jury. In this case it appears that when the case was called appellant filed a motion to postpone on account of the absence of one of the attorneys; this was overruled, when a jury was selected and sworn. It was then discovered no information had been filed, when the county attorney prepared one and filed it. Appellant then filed a motion to postpone the case for two days in which to prepare written pleadings; this was overruled, when he declined to plead to the information, and the court entered a plea for him, but before any other steps were taken the court, upon reflection, decided to grant the time requested in appellant's motion and to which he was entitled in law. He called appellant's counsel's attention to the matter and he declined to take any action. Had he then waived the two days, and the court then without his consent discharged the jury, etc., his contention would be sound, but having excepted to the action of the court in overruling his motion to grant a postponement for two days in which to file written pleadings, to which he was legally entitled, and when the court called his attention to the error of the court, he not only declined to withdraw this exception, but refused to do anything, the court did not err in withdrawing the case from the jury, and granting to appellant the time which the law accorded him to prepare for trial. Any other course on the part of the court would have been improper. The law is written and courts are organized to secure justice between man and man, and between the State and its citizens, and any construction of the law which would deprive a citizen of his legal rights would be wrong, as would any construction which would prevent justice from being meted out. If at the time the court overruled appellant's application for two days postponement for time in which to file written pleadings, appellant had entered a plea and proceeded with the trial, and then over his protest the court had withdrawn the case from the jury, there would be merit in his contention. But instead of this, when the court overruled his motion he excepted to the action of the court, refused to plead to the information, and in every way at his command he showed he was insisting on his motion and not waiving his rights thereunder, and by his persistence caused the court to make an investigation and ascertain that he, the court, was in error in his ruling, and appellant was doing nothing more than insisting on his plain legal rights, and then he granted appellant's motion, giving him the two days requested by him, at this time appellant not protesting to such action, nor taking any exception to the action of the court. Yet two days later when the case was again called for trial, although the two days had been granted at his request, he

undertakes to file a plea of former jeopardy. The court did not err in striking out the plea, as the allegations in the plea were insufficient in· that in the plea it was shown that the time was granted on appellant's original request, and which he had never withdrawn nor waived.

Chas. Coe was the constable of the Marble Falls precinct, justice precinct No. 4; on June 19, 1913, an emancipation celebration was held and appellant desired to prove by himself and Constable Coe the following state of facts, which he says they would have sworn to: "That Coe came to defendant and deputized him to go to the emancipation celebration and stay there during the day, to act in the place of the constable, and to keep the peace; that defendant in good faith believed that the constable had a perfect legal right to confer upon him this authority to carry the pistol." Objection to this testimony was by the court sustained, and appellant excepted to the action of the court. It is admitted in the record that the town of Marble Falls did not have twenty-five hundred population. Articles 7137 and 7138 of the Revised Statutes furnishes the only authority for a constable to appoint deputies, and therein it is provided that in a precinct containing a city of more than eight thousand population a constable may appoint two deputies, and in a precinct containing more than two thousand five hundred population and less than eight thousand, a constable may appoint one deputy. So that it is seen that justice precinct No. 4 of Burnet County having no city or town of at least 2500 population, the constable had no authority in law to appoint a deputy constable.

Article 45 and the provisions of chapter 4, of title 3 of the Code of Criminal Procedure authorizes special deputation in certain instances, but it is not claimed that the facts in this case would authorize the constable to make an appointment, or call for aid under those provisions of the Code. In fact, in the brief it is not insisted that the constable had the legal or lawful authority to appoint appellant a deputy on that occasion, but it is insisted that as he assumed authority to make the appointment, and appellant believed he had the authority, appellant would not be guilty of the offense as he acted in good faith in carrying the pistol.

It resolves itself into this question: does it present a question of mistake of fact or mistake of law? If a mistake of fact, then the court erred in his ruling, but if it was a mistake of law, then the court ruled correctly. The bills allege that both the constable and appellant would swear that the constable appointed him a deputy and authorized him to carry the pistol, and if the constable had the authority to make the appointment, though not made in legal form, yet this would present a question of mistake of fact alone. However, if the constable had no authority to appoint a deputy under the circumstances, then the fact he had attempted to do so would not present a question of mistake of fact, but the belief of appellant that he had been appointed would be a mistake of law, for the person from whom he claims to have received the deputation had no authority in law to make the appointment. We are referred by

appellant's able counsel to Blair's case, 26 Texas Crim. App., 387, as sustaining his contention. In that case it will be noted that the officer who made the appointment introduced in evidence was a sheriff, who in law had authority to appoint deputies, while in this case the appointment was made, as contended by appellant, by a person who in law had no authority to appoint a deputy. Any citizen of Marble Falls had as much lawful power and authority to empower appellant to carry a pistol as did Mr. Coe under the evidence in this case, and would it be contended for a moment that if some citizen of the town, other than Mr. Coe, had armed appellant and sent him to the grounds to keep the peace, this would be any defense. We think not. In fact, this court in the case of Shannon v. State, 65 S. W. Rep., 1065, clearly draws the distinction that the appointment claimed must have been made by some one authorized in law to make the appointment. A similar question to this was presented in that case, and this court said: "These instructions were justified under Blair's case. Since the rendition of the Blair case, article 4896, Revised Civil Statutes, has been amended so as to limit the number of deputy sheriffs to be appointed by the sheriff of the county. *This amendment of the statute as we understand was engrafted for the purpose of meeting cases of this character."* Thus clearly announcing that if the officer making the appointment had no authority to do so, an appointment by him would be no defense, even though made with all the formalities of law, for then it would be a mistake of law and not a mistake of fact. The opinion in the Shannon case, supra, is but following the plain provisions of articles 46 and 47 of the Code of Criminal Procedure. The exercise of the least care or diligence on the part of Mr. Coe or appellant would have enabled them to ascertain, if they already did not know, that Mr. Coe had no more authority in law to deputize appellant under the circumstances than did any other citizen. Consequently a mistake of fact would not be presented by the evidence offered, but a mistake of law. Jones v. State, 32 Texas Crim. Rep., 533; Medrano v. State, 32 Texas Crim. Rep., 214; Thompson v. State, 26 Texas Crim. App., 94; Chaplin v. State, 7 Texas Crim. App., 87. As the constable had no authority in law to deputize appellant, if he did attempt to do so, we do not think the court erred in excluding the testimony.

Neither of the special charges requested were called for under the evidence adduced, and the court did not err in refusing them.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—Appellant's conviction resulted in punishment of a fine of $100 for carrying a pistol. When the case was called for trial he asked a postponement on account of the absence of his attorney. This was overruled, but a bill of exceptions was not reserved, therefore it will not be considered. The application for a continuance was overruled, but no exception reserved. The case was called

for trial on the 28th of July. It was ascertained that an information had not been filed when the case was called. A complaint had been filed. The county attorney requested permission to file an information, which, being granted by the court, was presented and signed by the county attorney in open court. When this was done appellant moved to postpone for two days in order that he might have the statutory time of two days in which to file his written pleadings. This was promptly overruled, and he was placed upon his trial. He refused to plead, whereupon the court entered a plea of not guilty. When this was done the county attorney read the information to the jury, and called upon defendant to plead. Failing to respond, the court entered his plea of not guilty. After the jury had been impaneled and sworn, plea of not guilty entered, and pleadings read to the jury, the court stated that defendant was entitled to the two days allowed by the statute, and asked appellant's counsel if he would agree to discharge the jury and postpone the case. The attorney replied, "We make no agreement." Appellant was not requested to make any announcement in regard to this matter. The attorney further remarked that the request for two days time was made before the court entered the plea of not guilty for the defendant. The court thereupon discharged the jury, stating to defendant's attorney that the cause would be set for Thursday at 10 o'clock; Thursday was the 31st of the month, at which time appellant was placed upon trial and convicted. The plea of jeopardy set up all these matters. The court sustained the exception and demurrer of the county attorney to the plea and struck it out. That question, therefore, did not become a matter before the jury on the trial. It will be noted that appellant did not reserve a bill of exceptions to the action of the court overruling his plea or request for two days time, and the record shows no bill of exceptions was reserved to this action of the court. Therefore, that question was waived. If that question was presented to this court, and appellant was insisting that the court erred in not allowing the two days, my brethren would promptly affirm the case, so far as that question is concerned, on the ground that he had not perpetuated it by bill of exceptions, and, therefore, had waived it. Appellant contends his plea of jeopardy should have been sustained, and that the court erred in not so doing; and further erred in sustaining the county attorney's demurrer. It will also be observed that appellant reserved no bill of exceptions to the action of the court permitting the county attorney to file an information, and refusing him the statutory two days in which to file his pleadings. He did not except to any of these matters, so far as a bill of exceptions is concerned, and they are not perpetuated except as stated in the plea of jeopardy. The absence of his counsel, and the application for a continuance, and refusal to grant him the two days, are matters which the defendant could waive, and in the absence of bills of exception those matters can not be considered, and will be considered as waived. In other words, without bills of exception perpetuating these matters they would not be so presented that this court could consider the·question

in revising the appeal. The court had no authority to withdraw the case from the jury over the protest of appellant after his plea of not guilty had been entered. He was then placed in jeopardy. The issue had been formed, the jury had been sworn, plea of not guilty had been entered, and, of course, jeopardy had attached under all of the authorities. This plea of jeopardy should have remained in the case, and the court erred in sustaining the demurrer to the plea of jeopardy. If the facts sustained the allegations, appellant was entitled to an acquittal under his plea of former jeopardy. The complaint and information were valid on their face, and the only question of which appellant could complain in this connection at that juncture was the failure of the court to allow him two days after the information was filed in which to prepare written pleadings. This was authorized by the statute. This he could waive. He made the point, but reserved no exception, therefore, that question could not be considered here on appeal. It was waived by appellant.

Two bills of exception were reserved to the ruling of the court rejecting testimony offered by the defendant. The case presented itself in this way: Appellant was a negro. There was a social gathering of negroes on the 19th of June, and the constable, Mr. Coe, appointed or deputized or requested, as the case may be, appellant to attend this gathering as an officer or as an assistant to him to preserve the peace and keep order at the gathering. To this end he authorized appellant to carry his pistol while temporarily acting as his deputy or posse comitatus, or whatever he may be termed. Appellant offered evidence to sustain this matter both by himself and the constable, and they would have testified fully to those matters. It is unnecessary to go into a detailed statement of this evidence. Appellant carried the pistol in pursuance of this authority. The State's contention is that the constable had no legal authority to summon appellant to assist him in keeping order at the 19th of June celebration, and appellant should have known this under the law. The proposition is that appellant carried the pistol in good faith and did so with no intention of violating the law, and believed Mr. Coe had authority to summon or appoint him, and that he was acting in obedience to what he believed to be legal authority, and there being no purpose or intent to violate the law, he was entitled to have this issue submitted to the jury. The court declined to submit the issue. My brethren sustain the ruling of the court on this proposition as they do on the other questions discussed. I am of the opinion they are in error on both questions. See Blair v. State, 26 Texas Crim. App., 387; Lyle v. State, 21 Texas Crim. App., 153; Branch's Crim. Law, sec. 188; Jenkins v. State, 47 Texas Crim. Rep., 224; O'Connor v. State, 40 Texas, 27; Black v. State, 48 Texas Crim. Rep., 63. It will be noticed that appellant was not acting under general authority or deputyship, but was specially summoned for the occasion, and our law draws a distinction, as do all the decisions, between a party who undertakes to act without proper appointment and the citizen who is summoned or acts

temporarily at the command, summons or appointment of an officer. Appellant as a citizen could not act as a regular deputy unless the appointment is in conformity with the statute, but this does not apply where the citizen is temporarily summoned to discharge the duties for the time being. Under this state of case he would be entitled· to carry his pistol while his duties lasted. This has been the subject of many decisions in this State. A citizen specially deputized for the occasion, but not generally speaking, can carry a pistol without violating the law. O'Neal v. State, 32 Texas Crim. Rep., 42; Snell v. State, 4 Texas Crim. App., 171; Trawick v. State, 22 S. W. Rep., 593; Strey v. State, 40 S. W. Rep., 997; Gonzales v. State, 53 Texas Crim. Rep., 430; Baker v. State, 53 Texas Crim. Rep., 27. The case of Baker v. State, 61 Texas Crim. Rep., 193, is relied upon by the State as having overruled the Blair and other cases. The Baker case follows the case of Schroeder v. State, 50 Texas Crim. Rep., 111; West v. State, 21 Texas Crim. App., 427, and Mangum v. State, 15 Texas Crim. App., 362. These cases, if viewed in the proper light, are not in conflict with the other cases. Even in the Baker case the question was submitted to the jury and the jury found against the accused. Judge Prendergast, writing that opinion, held the matter being properly submitted, and the jury finding against the accused, it would not constitute reversible error; but in the instant case the court refused to permit appellant to introduce evidence showing his defensive matter. This, in my judgment, was clearly error. I do not care to amplify these matters. This negro ought not to have been convicted in the first place, and his plea of jeopardy was good in the second place. The court had no legal authority to withdraw the case from the jury unless with the consent of the defendant. He was not even asked to consent to it. His attorney said he refused to make an agreement about the matter; he, therefore, did not consent to withdraw the case from the jury. He objected, it is true, to the court putting him to trial without the two days, and made the motion. The court overruled it. He does not even assign that as error. He reserved no exception to it, and it passed out of the case. If the matter had come up on that question without bill of exceptions, my brethren would have promptly affirmed the case, holding that he had waived that matter and it was not perpetuated so this court could consider it. They, however, would affirm the case from that viewpoint if it had come up on that question only. Appellant was placed in this position: if he refused the summon of the constable he was punishable; if he obeyed the summon he is forced to pay a fine for carrying the pistol. Can anything be more illegal or unjust? I think not.

This judgment ought to be reversed and this negro ought not to be convicted. For the reasons indicated I respectfully enter my dissent.