### HAROLD THOMAS WILSON V. STATE.

No. 24433. June 22, 1949.
State's Motion for Rehearing Granted October 26, 1949.
Appellant's Motion for Rehearing Denied November 23, 1949.

J. W. Rainey, Jr., and Cecil Storey, Longview, for appellant.

R. L. Whitehead, Criminal District Attorney, Longview, and George P. Blackburn, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The conviction is for felony theft, with a count charging a prior conviction for an offense of the same nature; the punishment, ten years in the penitentiary.

The sole question presented for review is that of former jeopardy.

The record reflects that on the 14th day of January, 1949, appellant was indicted for the offense of felony theft—that is, the theft of the pick-up truck belonging to Jack Martin. On the 19th day of January, 1949, when that case was called for trial, appellant waived a trial by jury and entered his plea of guilty before the trial judge. The proceedings relative to the waiver and plea were in all things regular. The state then introduced a witness in an endeavor to prove its case. Upon the sustaining of the objection of appellant's counsel to the testimony of that witness, the state's attorney announced to the court he had anticipated that appellant's counsel would stipulate as to the facts and that he was not prepared at that time to introduce witnesses to prove a case against appellant. The trial court expressed the view that evidence should be introduced rather than stipulated. State's counsel then announced that appellant would be re-indicted under a new indictment with a count

therein charging repetition of offense. Appellant, who had been silent during the discussion, was, at the court's direction, returned to jail.

No further action appears to have been taken in the case until the 26th day of January, 1949, or a week after appellant had entered his plea of guilty and further hearing thereon had been postponed. On that date the trial court, at the motion of state's counsel, dismissed the case against appellant to which he had entered his plea of guilty, and ordered his discharge therefrom. The reason for the dismissal was that appellant had been re-indicted for the offense charged, under a new indictment containing a count charging. appellant's prior conviction for an offense of like character. Such indictment had been returned by the grand jury on January 21, 1949, and was pending at the time the first indictment was dismissed. The trial and conviction in the instant case occurred subsequent to that dismissal.

It is upon this last indictment appellant has been here convicted. The primary offense charged in each of the indictments was the same offense and transaction.

The bill of exception affirmatively reflects that the appellant did not consent to and had no knowledge of the dismissal of the first indictment.

There is nothing in the record showing, or tending to show, that the first indictment, to which he had entered his plea of guilty, was dismissed at the request or as a result of any act of the appellant; nor does the record reflect that appellant withdrew his plea thereto.

The trial court in the instant case refused to sustain appellant's plea of former jeopardy or to submit such plea to the jury in this case.

The facts being undisputed, the question is whether the plea of former jeopardy was good, as a matter of law.

Under the facts stated, when appellant pleaded guilty to the first indictment, jeopardy attached as to the offense there charged against him under our Bill of Rights, Const., Art. 1, Sec. 14; Art. 8, C. C. P.; Johnson v. State, 73 Tex. Cr. R. 133, 164 S. W. 833; Steen v. State, 92 Tex. Cr. R. 99, 242 S. W. 1047; 12 Tex. Jur., p. 537, Sec. 223.

The action of the trial court in dismissing the indictment and ordering appellant's discharge thereunder, without his consent, acquiescence, or request, amounted to his acquittal of the offense there charged, and a second trial for that offense was barred. 12 Tex. Jur., p. 546, Sec. 231, and authorities there cited.

From what has been said, it follows that the plea of former jeopardy should have been sustained.

The judgment is reversed and prosecution ordered dismissed.

Opinion approved by the court.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

This cause, in the original opinion, was reversed and dismissed upon the ground that appellant had once been put in jeopardy before the trial court when he entered his plea of guilt before the court to an indictment charging a felony.

It has often been held by this court that under the guaranty of our Bill of Rights, when a person has been put upon his defense before a court having jurisdiction of the charged offense and he pleads thereto before the jury, he is placed in jeopardy and shall never again be required to answer to such charge in any court. However, this matter is dependent to some extent, in the event of a conviction, on matters in review of such trial usually appearing as errors in such conviction. They are seldom found in matters which are jurisdictional.

Prior to 1931, in every felony case a plea of guilt or not guilty under the law had to be made before a jury of twelve men. In that year, the 42nd Legislature, Chapter 43, page 65, passed a statute providing that one charged with a felony could under certain procedure plead guilty before the judge of said court, this act being found in Volume 1, Vernon's Ann. Tex. C. C. P., as Article 10a. At the same time, this same legislature amended Article 11 of such Code providing that "the defendant in a criminal prosecution for any offense, may waive any right secured him by law except the right of a trial by a jury in a felony case *when he enters a plea of not guilty*," the underscored portion of such new statute being added to the above, the original being taken from the Old Code. Again, the same Legislature, at the same time, passed Article 12 of the C. C. P.,

now found in Vol. 1, Vernon's Ann. Tex. C. C. P., Pocket Part, as follows:

"No person can be convicted of a felony except upon the verdict of a Jury duly rendered and recorded, unless in felony cases less than capital, the defendant upon entering a plea of guilty has in open Court in person and with the approval and consent of the Court and the State's Attorney, as provided in Section 1 of this Act, (Article 10a of Code of Criminal Procedure of the State of Texas), waived his right of a trial by Jury. Provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

It is contended by the state that the trial court had power only to find the appellant guilty and that under the statute he could not find appellant not guilty, but that when it became apparent that appellant could have been found not guilty under the facts, it became the duty of the court to disregard appellant's plea of guilt and to enter a plea of not guilty for him, and then order a jury to determine such under the plea of not guilty. It seems to us to be evident that in a felony case the district judge has no authority under a plea of not guilty to try the case but of necessity had to call a jury, which the judge herein seems to have done. If he could not try the case, it would mean that he had no competent jurisdiction to try the same.

In the case of Burks v. State, 145 Tex. Cr. R. 15, 165 S. W. (2d) 460, we held as follows:

"At the time of the passage of the amendment, and long prior thereto, the rule heretofore mentioned, requiring a plea of guilty to be withdrawn and a plea of not guilty entered when the facts were received in evidence making evident the innocence of accused, was an established rule of procedure in this State. The amendment contains no provision evidencing the legislative intent that the rule stated is not to be applied in pleas of guilty before a trial judge. The amendment and rule are, therefore, to be construed together; and, when so construed, it now appears to be the settled rule of this State that one accused of a felony less than capital may, under his plea of guilty, waive a trial by jury and his punishment may be fixed by the trial judge, provided: (a) the State introduces evidence sufficient to show the accused guilty of the offense charged; and (b) no facts are

received in evidence making evident the innocence of the accused, or which reasonably and fairly present such as an issue of fact. Unless the facts bring the case within the rule stated, the trial judge is without authority to render a judgment finding the accused guilty, because, if the State fails to show the guilt of the accused, no conviction can follow; and, if evidence be received showing the accused to be innocent of the offense charged, then the plea of guilty is supplanted by the entry of a plea of not guilty, in which event the trial judge is without authority to determine the guilt of the accused."

In the case of Johnson v. State, 73 Tex. Cr. R. 133, 164 S. W. 833, the accused declined to plead, whereupon the trial court pleaded not guilty for him before a jury after overruling a motion for a continuance. After such plea the trial court granted such continuance for a period of two days in order that an information could be filed, and upon defendant declining to agree to the discharge of the jury, they were discharged by the court, and thereafter the accused was tried before another jury. It was held that no jeopardy attached.

In Mays v. State, 51 Tex. Cr. R. 32, 101 S. W. 233, after a jury had been selected and one witness had testified, it was discovered that the accused had not plead to the indictment or information, whereupon a plea of nolle prosequi was entered by the state in the cause, which plea was granted and the jury discharged. It was held that since there could be no judgment entered without a plea, the trial court was correct in discharging the jury, and no jeopardy attached.

Prior to the enactment of the statute allowing a plea of guilty in a felony less than capital to be had before the judge, all such pleas had of necessity to be made before a jury, and this court held in Steen v. State, 92 Tex. Cr. R. 99, 242 S. W. 1047, that "an attempted judgment of conviction or acquittal entered by the court himself, could not be interposed or made the basis of a plea of jeopardy or former conviction or acquittal."

The above quotation relative to a conviction has been changed, however, by the enactment of Articles 10a and 12, C. C. P. supra, leaving the statement relative to an acquittal by the judge as not furnishing the basis of jeopardy.

In every instance where we find the term "jeopardy" defined, the trial attempted to be utilized as such must be had

by a court of *competent* jurisdiction. In the present case, the trial court did not have competent jurisdiction over a plea of not guilty, which he properly entered for appellant after the facts in this first case had developed that there was a strong probability that appellant was entitled to a verdict of not guilty, although he had entered a plea of guilt, and the trial court recognizing the fact that he had no power to find a verdict of not guilty, we think properly entered a plea of not guilty; and having no power to try the case, he continued the same for the purpose of allowing a jury to pass upon the question of guilt. No danger was present or threatening the appellant under this action of the trial court; he could neither be convicted as he had pleaded, nor acquitted as the facts required thereunder; and as said in the Burks case, supra, a jury should have been called, and was eventually called, to dispose of his plea of not guilty.

The jurisdiction of the court is a matter of statutory enactment and authority must there be found not only to hear the matter, but also to dispose of the same. In a case of jurisdiction limited over a certain thing, the court has the power to exercise only such limited jurisdiction. It had in the present instance only the limited jurisdiction of accepting a plea of guilt and the fixing of the punishment.

It was held in Brownsville v. Bosse, 43 Tex. Rep. 440 (449) that "Jurisdiction to determine a cause unquestionably implies power and authority to render such judgment as the court may conclude should be given, unless a limitation is manifest from the nature of the proceeding, the character of the tribunal, or by clear and positive legislative restriction * * *," the restriction herein being found in the words of the statute.

In 11 Tex. Jr. p. 723, sec. 16, it is said:

"Hence when jurisdiction in respect of a particular matter is derived wholly from statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects, and the court in exercising its particular authority is a court of limited jurisdiction."

See Texas Employers' Ins. Ass'n v. Nelson, 292 S. W. 651, 652; Texas Indemnity Ins. Co. v. Pemberton, 9 S. W. (2d) 65, 67.

In Amer. Jur., Vol. 14, Sec. 169, p. 369, as to the extent of limited jurisdiction, it is said:

"The fact that a court is one of general jurisdiction does not

necessarily mean that it cannot be made a court of special and limited jurisdiction in some cases. On the contrary, a court of general jurisdiction may have special powers conferred upon it by a special statute; and as these powers are not exercised according to the course of the common law, they do not belong to it as a court of general jurisdiction. In the exercise of such special statutory powers, a court of general jurisdiction will be regarded and treated as a court of limited and special jurisdiction. The principle that where jurisdiction is acquired against the person by the service of process or by a voluntary appearance, a court of general jurisdiction will settle the matter in controversy between the parties, does not apply to a special statutory jurisdiction, even if exercised by a court of general jurisdiction."

Again, in 11 Tex. Jur. pp. 728-729, sec. 19, it is said:

"It should be borne in mind that the rule of retention and continuance of jurisdiction to the end has no application to a case where jurisdiction once possessed has been lost through amendment of the pleadings, for at last jurisdiction is always determined by the pleadings and not the mere failure of proof."

Again, in the same volume, p. 720, sec. 14, it is said:

"When at any stage of a trial the court finds that it is without authority to hear and determine the matter in controversy it must decline to entertain jurisdiction and will dismiss the suit."

It is clear that upon a proper change of the plea in this cause, the trial court had no jurisdiction, and without such competent jurisdiction, he had no other alternative than to refuse to proceed under the statute, and only to do what he did under the authority of the case of Burks v. State, supra. There being no power found in the trial court, no jeopardy could attach.

We think we were in error in the original opinion holding that a plea of former jeopardy should be sustained herein. Therefore, the state's motion is granted, the order reversing and dismissing this cause is set aside, and the judgment of the trial court is now affirmed.

HAWKINS, Presiding Judge.

Appellant has filed a motion for rehearing in which he urges that we were in error in our opinion delivered on October 26,

1949, granting the state's motion for rehearing, and holding that appellant's plea of former jeopardy was not good. The question was given our very best consideration before releasing our opinion on October 26th. To write further would only multiply words. It occurs to us that any conclusion other than there announced would present a strong probability that the law permitting pleas of guilty before the court under conditions prescribed would be subject to serious attack as against public policy.

Appellant's motion for rehearing is overruled.