EX PARTE JIMMY A. McMILLAN.

No. 29,768. April 20, 1958.

Relator's Motion for Rehearing Overruled
June 11, 1958.

*Dunnam & Dunnam*, by *W. V. Dunnam*, Waco, for relator.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator is in custody under mandate issued in our Cause No. 29,486, wherein the revocation of probation was affirmed. McMillan v. State, (page 15, this volume), 310 S.W. 2d 116.

His application for writ of habeas corpus to test the legality of his sentence was granted by District Judge A. J. Bryan, who presided at the felony trial and who revoked the probation. It was made returnable before this court.

The record of the evidence offered at the hearing on the writ is before us. It shows that at the trial in Hill County relator waived a jury and pleaded guilty before the court to the felony offense of driving while intoxicated, and the state offered evidence sufficient to sustain the conviction.

The judgment is attacked as void on the ground that relator testified at the trial and his testimony raised an issue as to his guilt.

Relying upon Burks v. State, 145 Texas Cr. Rep. 15, 165 S.W. 2d 460, and Wilson v. State, 154 Texas Cr. Rep. 39, 224 S.W. 2d 234, relator says that the trial court lost jurisdiction to proceed further without a jury when this testimony was introduced, and that the judgment which the trial judge entered suspending imposition of sentence is void.

The indictment in the felony case in Hill County alleged a prior misdemeanor conviction on February 6, 1954, in County Court at Law of McLennan County for driving a motor vehicle upon a public highway while intoxicated.

At the trial of the felony case the state proved this allegation by introducing the complaint, information and judgment in Cause No. 39,192 in said County Court at Law, the judgment dated February 6, 1954. The arresting officer testified that relator was the defendant in said misdemeanor case, and it was stipulated that Cause 39,192 was legally pending in said court and that the judgment was a final judgment of conviction based upon such complaint and information.

Relator then took the witness stand and testified that in February 1954 he was arrested in Waco on an alleged driving while intoxicated case; was incarcerated in jail until the next

day and was never taken before any judge or before a court; that he directed no one to plead guilty for him; that he gave $100 to some man in the district attorney's office "and they turned me loose and I paid my fine;" and testified later:

"Q. You are the same person who entered a plea of guilty to the charge against you in McLennan County? A. Yes, sir.

"Q. Just as you have described, no other way? A. Yes, sir."

The position of relator is that his testimony, if true, showed that the prior misdemeanor conviction alleged in the indictment was void, hence such testimony raised a defensive issue which the judge sitting in a felony trial without a jury could not decide but which, if accepted by a jury, would constitute a defense.

In the first place, all of relator's testimony may have been true, and yet have no application to the McLennan County offense of February 5, 1954, or to the trial which resulted in the judgment dated February 6, 1954, which recites his presence and plea of guilty.

Also, this court has held that the misdemeanor offense of driving while intoxicated is an included offense in an indictment for the felony offense of driving while intoxicated, and the district court has jurisdiction to enter judgment of conviction for the lesser offense. McKenzie v. State, 159 Texas Cr. Rep. 345, 263 S.W. 2d 562.

Assuming that relator's testimony raised an issue as to the validity of the prior misdemeanor, it did not tend to show his innocence. At most the issue it raised would be whether he was guilty of the felony offense charged in the indictment and established by the state's proof, or only of the included misdemeanor offense of driving a motor vehicle on a public highway in Hill County while intoxicated.

It follows that such testimony did not in itself render the felony conviction in Hill County void.

Relator's application for discharge is denied.

ON RELATOR'S MOTION FOR REHEARING

MORRISON, Presiding Judge.

Relator interprets our original opinion as upholding a void felony conviction because the trial court had jurisdiction to enter judgment for the included misdemeanor offense. We disclaim any intent to so hold.

We did and do hold that under the record the trial court was not without jurisdiction to enter judgment upon the plea of guilty to the felony offense and that such conviction is not void.

We pointed out and again note (1) that appellant stipulated that the misdemeanor case was legally pending in County Court at Law in McLennan County and that the judgment therein was a final judgment of conviction. (He now takes the position that the judgment he stipulated to be a final judgment or conviction is no conviction at all, but is void for want of jurisdiction of the trial court to enter it because of his testimony that he did not appear before the judge.)

(2) It is true, as relator points out, that only one charge is shown to have been made against him in McLennan County and his testimony may well have referred to that case. We do not, however, find in the record where "relator testified that the incident described by him was the only time he was ever arrested that year for D.W.I."

(3) The misdemeanor judgment which relator stipulated was a final judgment of conviction recites that he appeared, announced ready for trial, entered a plea of guilty, and was committed to custody.

(4) Relator's testimony, if true, did not show his innocence.

If the misdemeanor conviction in McLennan County is void under the facts, that question is not before us. We hold only that relator's testimony did not deprive the court of jurisdiction and make it void.

Relator's motion for rehearing is overruled.