11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

                                                                              

Saul
Carrasco Lara

Appellant

Vs.                   No. 11-04-00091-CR -- Appeal from Ector County

State
of Texas

Appellee

 

After a 
nonjury hearing, the trial court granted the State=s amended motion to revoke community
supervision and sentenced Saul Carrasco Lara to confinement for a term of 10
years and a fine of $480.90.  We affirm.

                                                                Background
Facts

The State=s
original motion to revoke community supervision was granted by the trial court
in 2001.  The El Paso Court of Appeals
reversed the trial court=s
order and remanded the cause in 2003.  See
Saul Carrasco Lara v. State, No. 08-01-00356-CR (Tex.App. - El Paso, July
10, 2003, no pet=n)(not
designated for publication).  The El Paso
Court said in its unpublished opinion that the record before it showed at least
two violations of appellant=s
conditions of community supervision but that, Afor
reasons known only to the State, the only violation charged was aggravated
sexual assault.@  The El Paso Court said that the proof during
the first revocation proceeding did not show that the victim of the sexual
assaults was less than 14 years of age at the time of the assaults, and it held
that appellant was entitled to Awritten
notice of the claimed violations and a hearing on the matter.@ 


After the cause was remanded to the trial court,
the State amended its motion to revoke,  
alleging that appellant had violated the terms of his community supervision
by committing sexual assaults upon a child younger than 17 years of age and by
possessing an intoxicating beverage. 
Several witnesses testified at the nonjury hearing on March 5, 2004.  








The child testified that he was 14 years of age
when appellant gave him intoxicating beverages, and the child testified that
appellant put his mouth on the child=s
penis and that appellant put his penis in the child=s
anus.

                                                                Trial
Court=s Ruling

The trial court found that appellant violated his
conditions of community supervision (1) by causing the sexual organ of the
child named in the amended motion to contact appellant=s
mouth, (2) by causing the penetration of that child=s
anus by appellant=s penis,
and (3) by possessing an intoxicating beverage. 
The trial court then revoked the community supervision which had been
granted in1997 after his conviction for possession of cocaine on September 5,
1996.

                                                          Issue
Presented for Review

Appellant argues in his sole point of error that
the trial court erred by revoking his community supervision because the Aprinciples of double jeopardy and
collateral estoppel@ should
have barred the second motion to revoke.

                                                                        Opinion

Jeopardy did not attach at the original revocation
hearing in 2001, and the trial court did not err in overruling appellant=s plea of double jeopardy when it
conducted the second  hearing on March 5,
2004.  In State v. Nash, 817
S.W.2d 837 (Tex.App. - Amarillo 1991, pet=n
ref=d), the court discussed claims of  Adouble
jeopardy@ and Acollateral estoppel@ in connection with an appeal from the
revocation of probation.  The court
stated:

The Court of Criminal Appeals has long interpreted
double jeopardy as a person being twice put in Alegal
jeopardy when he is put upon trial before a court of competent jurisdiction,
upon an indictment or information...sufficient in form and substance to sustain
a conviction, and a jury has been...impaneled and sworn to try the case.@ 
Johnson v. State, [164 S.W. 833, 834 (Tex.Cr.App.1914)].  Unlike the criminal proceedings outlined by
the Court in Johnson, guilt or innocence is not at issue in a probation
revocation hearing.  The question at such
a hearing is whether the act committed, in effect, broke the contract made with
the court pursuant to the granting of probation.  The result is not a conviction, but a finding
upon which the trial court might exercise its discretion by revoking, or
continuing, probation.  Davenport v.
State, 574 S.W.2d 73, 75 (Tex.Cr.App.1978). 
We are constrained to hold that double jeopardy protections do not apply
to a proceeding wherein the result is deemed to be neither a conviction nor
acquittal.

 








                                                            *   *   *

 

We now turn to the more difficult determination of
the applicability of the doctrine of collateral estoppel.  Collateral estoppel means that when an issue
of ultimate fact has once been determined by a valid and final judgment, the
decided issue cannot be re-litigated between the same parties in any future
lawsuit.  Ex parte Lane, 806
S.W.2d [336, 337 (Tex.App. - Fort Worth 1991, no pet=n)].  The application of collateral estoppel
requires the reviewing court to examine the entire record of the prior
proceedings between the parties to determine what issues were foreclosed.  The doctrine is a narrow one. 

 

State v. Nash, supra at 840.  See also and compare Ex parte Taylor,
101 S.W.3d 434, 440-42 (Tex. Cr.App.2002); Bailey v. State, 87 S.W.3d
122, 126-27 (Tex.Cr.App.2002); State v. Rodriguez, 11 S.W.3d 314, 316
(Tex.App. - Eastland 1999, no pet=n).  Appellant=s
point of error is overruled.

                                                    This
Court=s Ruling

The judgment of the trial
court is affirmed.         

 

BOB DICKENSON

SENIOR JUSTICE

 

August 11, 2005

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright,
J., and

McCall, J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.