# Court of Appeals

## Tenth Appellate District of Texas

---

### 10-23-00259-CR

---

The State of Texas,
Appellant

v.

Louis Turrubiartes,
Appellee

---

On appeal from the
County Court at Law No. 2 of Brazos County, Texas
Judge Roy D. Brantley, presiding
Trial Court Cause No. 22-01558-CRM-CCL2

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

### MEMORANDUM OPINION

Appellee, Louis Turrubiartes, was charged by information with driving while intoxicated. Following an oral motion to dismiss by Turrubiartes, the trial court dismissed the case. The State appeals the trial court's order of dismissal. We reverse and remand.

## A. Background

On February 11, 2022, Turrubiartes was arrested for the offense of driving while intoxicated. He was charged by information, filed on April 13, 2022.

The case was first set for trial in May 2023. The parties filed an agreed motion for continuance based on Turrubiartes's work schedule which would have kept him out of the state until September 2023. The trial court granted the motion and reset the trial for a preferential setting on August 14, 2023, with a final pretrial hearing on August 8, 2023. As the August setting approached, Turrubiartes again requested a continuance based on his out-of-state work. The trial court denied his motion for continuance. The State then filed a motion for continuance based on want of a witness, which the trial court also denied.

The pretrial hearing took place on Friday, August 11, 2023, and during the hearing, some preliminary discussions took place regarding the admissibility of certain portions of a police body camera video the State intended to introduce as evidence. Ultimately, the trial court instructed the State to edit the video, stating that there should be no references to the hospital or why Turrubiartes was there. After a few more ministerial topics, the parties were dismissed until trial the following Monday.

Trial began the morning of Monday, August 14, 2023 with both the State and Turrubiartes announcing ready. Both sides conducted voir dire, and a jury was selected and sworn before breaking for lunch with instructions that proceedings would start again at 1:00 p.m. After the jury was dismissed for lunch, the trial court took up some matters with the parties.

The first matter that was addressed was a potential issue with a juror, which led to the judge having an in-camera meeting with that juror. After meeting with the juror, the trial court decided that there was no issue with the juror serving on the jury.

The other issue that was taken up during the lunch break was the State's video redactions not following the trial court's instruction from the pre-trial hearing. After some discussion, one of the State's attorneys left the courtroom at approximately 1:30 p.m. to make some additional redactions. The State requested an hour to make the changes, but the trial court did not specifically rule on how much time was allotted to the State to make the additional redactions. The parties and the trial court continued to discuss the admissibility of videos the State intended to introduce as evidence. After the trial court made a ruling on cutting the video at a certain point, the remaining State's attorney requested a recess so she could discuss how to proceed in the case with the County Attorney. The trial court denied this request at

approximately 1:57 p.m. and instructed the parties that proceedings would begin again at 2:00 p.m.

At 2:03 p.m., the trial court called the case, and the following exchange between the trial court and Turrubiartes occurred:

> THE COURT: We're on the record, Cause Number 22-01558-CRM-CCL2, it's the State of Texas versus Louis Turrubiartes. That's the best time I've said it, sir. It is 2:03, the State is not present. They were ordered by this Court that we would start this matter at 2:00. They're not here. State, are you ready? No response from the State. Defense, are you ready?
>
> [DEFENSE COUNSEL]: We're ready, sir. We would make a motion to dismiss because of their lack of readiness, lack of participation, whatever you want to call that, we'd ask that that dismissal, if granted, be with prejudice because it's due to their actions, not ours.
>
> THE COURT: What actions are you referencing?
>
> [DEFENSE COUNSEL]: Not being here.

The State returned at approximately 2:11 p.m., at which time, the following exchange took place:

> THE COURT: There's a motion to dismiss because the State was supposed to start this matter at 2:00. It is now 2:10. What is [sic] response to the motion to dismiss this case by the State -- I mean from the State?
>
> [STATE'S ATTORNEY ONE]: It's not our motion.
>
> THE COURT: No, no, no. What is the State's response for Defendant's motion to dismiss? At five till 2:00, the State was told we're pulling the jury in at 2:00. It's now 2:11 and at 2:04, the Defense Counsel levied a motion to dismiss for failure of the State to proceed. And the -- here we are at 2:11. What is your response?

(Pause)

[STATE'S ATTORNEY TWO]: Your Honor, my apologies. Can you re -- can you summarize your ruling, please, with regard to the dismissal issue?

THE COURT: The case is dismissed. I've been waiting since 2:11 for a response. I said this case would proceed at 2:00. It did not. I waited till 2:11. Actually, 2:04 I was ready to pull in the jury. Mr. Quinn objected and filed a motion -- or an oral motion to dismiss with prejudice because the State is not here present, ready to proceed as previously ordered. It is now 2:13. Co-Counsel came in at 2:15, still no response. The Court ruled at 2:15.

The trial court then called the jury back into the courtroom to release them. The trial court also requested a written order from Turrubiartes before concluding the proceedings.

Later that afternoon, Turrubiartes filed the requested order with an accompanying written motion to dismiss which gave a brief summary of the State's failure to appear as the basis. The written motion also additionally argued:

The Defendant has been prejudiced by the State's unreasonable delay because the Court has lost the ability to try the Defendant's case in a timely manner. The State's failure to provide a speedy trial/hearing is in direct violation of the Sixth and Fourteenth Amendments to the U.S. Constitution, and Art . 1, Sec. 10 of the Texas Constitution and Art. 1.05 of the Texas Code of Criminal Procedure.

The trial court signed the order stating that "On this day came on to be heard the Defendant's Motion To Dismiss With Prejudice, and the same is hereby GRANTED and this case is DISMISSED WITH PREJUDICE."

## B. Preservation of Error

Turrubiartes argues that the State did not preserve its arguments for appeal. In criminal cases, we apply error-preservation "rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request." *Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (quoting *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)). Category-one rights are systemic, exist independently of the litigants' wishes, and "can neither be forfeited nor even validly waived by the parties for appellate-review purposes." *Id.* Category-two rights enjoy special protection because they are fundamental to the proper functioning of the adjudicatory process and may be abandoned only if the record reflects that they have been "plainly, freely, and intelligently waived" in the trial court. *Id.* Category-three rights are rights that may be asserted at the litigants' option, and ordinary error-preservation rules of procedural default apply only to this third category of rights. *Id.*

While the State may waive a complaint about an improper dismissal by consenting to dismissal, the State's right to maintain a criminal prosecution enjoys special protection because it is fundamental to the proper functioning of the adjudicatory process. *See Proenza*, 541 S.W.3d at 792; *State v. Neuman*, 631 S.W.3d 866, 869 (Tex. App.—San Antonio 2021, no pet.). Turrubiartes

asserts that the State failed to preserve its complaint because the State did not respond when the trial court requested their response to Turrubiartes's oral motion to dismiss. We cannot say that the record in this case reflects that the State "plainly, freely, and intelligently waived" their right to maintain the criminal prosecution against Turrubiartes. Therefore, we reject Turrubiartes's argument that the State was barred from raising a complaint on appeal.

## C. Issue One

In its first issue, the State argues the trial court abused its discretion by granting Turrubiartes's motion to dismiss the information without the State's consent.

### 1. Authority

The Code of Criminal Procedure permits appeal by the State in cases where an order of a court "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." *See* TEX. CODE CRIM. PROC. ANN. 44.01(a)(1).

A court's authority to act is limited to those actions authorized by constitution, statute, or common law. *Pope v. Ferguson*, 445 S.W.2d 950 (Tex.1969); see also *Wilson v. State*, 154 Tex.Crim. 39, 224 S.W.2d 234 (1949). Except in certain circumstances, a court does not have the authority to dismiss a case unless the prosecutor requests a dismissal. *State v. Johnson*, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991). The certain circumstances which allow a

court to dismiss a case without the State's consent include when a defendant has been denied a speedy trial or when there is a defect in the charging instrument. *See State v. Terrazas*, 962 S.W.2d 38, 41 (Tex. Crim. App. 1998). Furthermore, a court has no inherent power to dismiss a prosecution, since dismissal of a case does not serve to "enable our courts to effectively perform their judicial functions and to protect their dignity, independence and integrity." *Johnson*, 821 S.W.2d at 613 (citing *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex. 1979)).

2. Analysis

While Turrubiartes argues that the dismissal was based on a speedy trial violation, the record shows that the dismissal was based on the State's failure to appear when the case was called. When the trial court went back on the record and called the case a few minutes after 2:00 p.m., the trial court highlighted that the State was not present in the courtroom. In response, defense counsel moved to dismiss because of the State's "lack of readiness, lack of participation, whatever you want to call that." The trial court asked what actions defense counsel was referencing, and defense counsel responded, "Not being here." Once the State returned to the courtroom a few minutes later, the trial court reiterated the reason for the motion to dismiss was the State not being back to start at 2:00 p.m. and "failure of the State to proceed." The State then asked for clarification, to which the trial court responded by dismissing

the case on the basis that the State was not present in the courtroom at the designated time ready to proceed with the trial. While "speedy trial" was briefly referenced in the written motion to dismiss filed with the proposed written order, the record does not support that speedy trial formed the basis of either the motion to dismiss or the trial court's ruling on the motion.

Since the trial court does not have the inherent authority to dismiss a prosecution and the dismissal does not fit into any of the permitted exceptions listed in *Johnson*, the trial court lacked the authority to dismiss the prosecution when the State's attorney failed to appear when the case was called for trial. *See State v. Johnson*, 821 S.W.2d 609, 613-614. Considering the foregoing analysis, we sustain the State's first issue and need not further address its second issue. *See* TEX. R. APP. P. 47.1.

### D. Conclusion

Having sustained the State's first issue, we reverse the order of the trial court and remand the case for further proceedings consistent with this opinion.

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  August 21, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Reversed and Remanded
Do Not Publish
CRPM

