John Wayne EARL, Appellant,

v.

The STATE of Texas, Appellee.

No. 49123.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Neal Wheeler, Dallas (Court-appointed), for appellant.

Henry Wade, Dist. Atty., William L. Hubbard, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of aggravated robbery (Section 29.03, V.T.C.A. Penal Code); punishment was assessed by the jury at life imprisonment.

Appellant contends the indictment in this cause is defective for failure to allege the elements of the offense of theft. Section 29.03, supra, provides in part:

"A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(1) causes serious bodily injury to another; or

(2) uses or exhibits a deadly weapon."

Section 29.02, V.T.C.A. Penal Code, provides in part:

"A person commits an offense if, in the course of committing theft as de-

fined in Chapter 31 of this code and with intent to obtain or maintain control of the property he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

The essential elements of aggravated robbery, therefore, *as applied to this case* are:

1) in the course of committing theft,

2) with intent to obtain or maintain control of the property, the accused

3) intentionally or knowingly threatens or places the victim in fear of imminent bodily injury or death,[1] and

4) uses or exhibits a deadly weapon.[2] The indictment in this case, while no model for future pleading,[3] does sufficiently allege each such element, alleging that appellant did:

[1] while in the course of committing theft of Three hundred, twenty-eight dollars ($328.00) current money of the United States of America, hereinafter called 'the property' from Jack Hamblett, [2] with intent to obtain and maintain control of the property [4] using and exhibiting a deadly weapon, namely, a gun, [3] knowingly and intentionally threaten and place Jack Hamblett in fear of imminent bodily injury and death. . . ."

■ It is appellant's contention that the indictment should have alleged the constituent elements of the theft in the course of which the robbery was committed. In considering the argument we observe that Section 29.01, V.T.C.A. Penal Code, provides in part:

" 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft."

Thus the actual commission of the offense of theft is not prerequisite to commission of a robbery, nor need the victim of the theft or attempted theft and the victim of the robbery be the same. Of course it must be alleged and proven that the alleged offense was committed "in the course of committing a theft" and "with intent to obtain or maintain control of the property" involved in the theft. Although the proof will involve proving up a theft or attempted theft, the elements of the particular theft (see Chapter 31, and specifically Secs. 31.02 and 31.03, V.T.C.A. Penal Code) or attempted theft (see Sec. 15.01, V.T.C.A. Penal Code), need not be alleged in the indictment.

Appellant's ground of error is therefore overruled.

■ Appellant's other contentions rely upon matters not in the record or make claims unsupported by the record. They are accordingly overruled.

The judgment is affirmed.

---

1. This case did not involve the actual infliction of bodily injury under Sec. 29.02(a)(1), supra, but rather arose under Sec. 29.02(a)(2).

2. This case involved the use or exhibition of a pistol under Sec. 29.03(a)(2) (see Sec. 1.07 (a)(11), V.T.C.A. Penal Code), and was not brought under Sec. 29.03(a)(1), supra.

3. For exemplary forms see Morrison and Blackwell, New Texas Penal Code Forms, p. 33, Sec. 29.03B Aggravated Robbery—With a Deadly Weapon; McClung, Jury Charges for Texas Criminal Practice, rev. ed., p. Ind 19.