**Charlie Perry REESE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50874**

Court of Criminal Appeals of Texas.

Jan. 21, 1976.

Robert T. Baskett, Court appointed, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Norman Kinne, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery. After the jury returned a verdict of guilty, punishment was assessed by the court at twelve years.

The indictment alleges the offense occurred on or about June 14, 1974, and the record reflects that trial was in October, 1974.

Appellant contends that the indictment under which he was convicted is fatally defective for failure to allege the ownership of property and money appellant was charged with taking during the robbery.

The pertinent portion of the indictment recites that appellant did

"then and there, while in the course of committing theft of one carton cigarettes $6.10, One Hundred Twenty Three Dollars ($123.00) current money of the United States of America, hereinafter called 'the Property' from Richard Haywood with intent to obtain and maintain control of the property, and by using and exhibiting a deadly weapon, namely a pistol knowingly and intentionally threaten and place Richard Haywood in fear of imminent bodily injury and death."

Appellant's argument that the indictment is fatally defective is bottomed on the failure of the indictment to allege to whom the property and money that were taken in the alleged robbery belonged. Appellant cites *Lucero v. State*, Tex.Cr.App., 502 S.W.2d 128 and *Ward v. State*, Tex.Cr.App., 520 S.W.2d 395. The opinions in *Lucero* and *Ward* held that the omission of the allegation of ownership of the property taken in the robbery rendered an indictment defective under the statutes defining the offense in the old Penal Code.

The appellant was charged with the offense of aggravated robbery under the new Penal Code,[1] and we find our opinion in *Earl v. State*, Tex.Cr.App., 514 S.W.2d 273, where an identical indictment was under attack, to be dispositive of appellant's contention. In *Earl*, appeal was taken from an aggravated robbery conviction. The pertinent portion of the opinion states:

> "It is appellant's contention that the indictment should have alleged the constituent elements of the theft in the course of which the robbery was committed. In considering the argument we observe that Section 29.01, V.T.C.A. Penal Code, provides in part:
>
> > " ' "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.'
>
> "Thus the actual commission of the offense of theft is not prerequisite to commission of a robbery, nor need the victim of the theft or attempted theft and the victim of the robbery be the same. Of course it must be alleged and proven that the alleged offense was committed 'in the course of committing a theft' and 'with intent to obtain or maintain control of the property' involved in the theft. Although the proof will involve proving up

a theft or attempted theft, the elements of the particular theft (see Chapter 31, and specifically Secs. 31.02 and 31.03, V.T.C.A. Penal Code) or attempted theft (see Sec. 15.01, V.T.C.A. Penal Code), need not be alleged in the indictment." See *Gonzalez v. State*, Tex.Cr.App., 517 S.W.2d 785.

■ The indictment in question failed to allege an element of the offense of theft; to-wit, ownership of the property. Under our holding in *Earl*, such omission does not render the indictment defective.[2]

Appellant contends that the prosecutor adduced before the jury the extraneous offense that he did not own the car he was driving when arrested, and that he was charged with unauthorized use of an automobile.

■ Generally, charges of offenses are inadmissible for impeachment purposes unless the charges result in final convictions for felony offenses or final convictions involving moral turpitude, none of which are too remote. *Ochoa v. State*, Tex.Cr.App., 481 S.W.2d 847. An exception arises when the witness, by his direct testimony, leaves a false impression of his "trouble" with the police. In this situation, it is legitimate to prove that the witness had been "in trouble" on occasions other than those about which he offered direct testimony. *Nelson v. State*, Tex.Cr.App., 503 S.W.2d 543; *Ochoa v. State, supra.*

On direct examination of appellant by defense counsel, the following took place:

"Q. Okay, Mr. Reese, are you nervous?

"A. Yes, sir.

"Q. Why are you nervous?

"A. I am charged with something I didn't do.

"Q. Mr. Reese, you have had trouble with the law before, haven't you?

---

1. See V.T.C.A. Penal Code, Secs. 29.01, 29.-02 and 29.03.

2. In *Earl v. State*, supra, it was noted that an identical indictment was no model and reference was made to exemplary forms in

Morrison and Blackwell, New Texas Penal Code Forms, p. 33, Sec. 29.03B, Aggravated Robbery—With a Deadly Weapon; McClung, Jury Charges for Texas Criminal Practice, rev. ed., p. Ind. 19.

"A. Yes, sir.

"Q. What kind of trouble do you have with the law?

"A. On a car theft case I have.

"Q. Would you speak up so we can hear you?

"A. A recent case I had, a car theft.

"Q. Did you plead guilty in that case?

"A. Yes, sir.

"Q. Why did you plead guilty?

"A. Because I did.

"Q. You did it and you plead guilty because you were guilty, is that correct?

"A. Yes.

"Q. And how have you pled in this case?

"A. Not guilty.

"Q. Why did you plead not guilty?

"A. Because I am innocent in this case."

On cross-examination, the prosecutor proceeded to question appellant about convictions for misdemeanor theft, carrying a pistol, and felony unauthorized use of an automobile, and the arrest and charge for unauthorized use of an automobile here complained of.

■ Appellant's response to his counsel's question relative to his "trouble with the law" was that he had plead guilty to a car theft case. While counsel did not ask if this was all the trouble he had been in, appellant's failure to relate any other instances clearly left the impression with the jury that this was the extent of his "trouble with the law." Having opened the door to his "trouble with the law," appellant is in no position to complain of the prosecutor's inquiry relative to the arrest and charge for unauthorized use of an automobile. *Nelson v. State, supra.*

■ Appellant next complains · of the prosecutor's statement during argument at the guilt stage of the trial that appellant was driving a stolen automobile when arrested.

Appellant's objection was sustained, and an instruction to disregard was given by the court. No further relief was requested. Appellant having received all the relief requested, nothing is presented for review. *Hunt v. State,* Tex.Cr.App., 511 S.W.2d 954; *Gleffe v. State,* Tex.Cr.App., 509 S.W.2d 323.

■ Appellant contends that "the evidence is insufficient to support the verdict because there is no testimony showing a lack of consent to the taking of the property."

Appellant points to the fact that at the time of the robbery both assistant manager Bardin and manager Haywood were present in the store. Both were present at trial but only Haywood testified that no consent was given appellant to take the money and property. Appellant's complaint appears to be bottomed on the fact that assistant manager Bardin did not testify to the lack of consent to the taking of the property. The testimony of Bardin and Haywood reflects that appellant pointed a gun toward them, demanded the money in the cash register, told them to open the safe and threatened to blow their heads off if they did not lie on the floor.

In 5 Branch's Ann.P.C., Sec. 2592 (2d ed. 1956), it is stated, "If the owner parts with his property because of an assault, fear or violence his consent or want of consent is irrelevant. . . ." While the foregoing relates to the robbery statutes under the old Penal Code, we perceive no change in this respect under V.T.C.A. Penal Code, Secs. 29.01, 29.02 and 29.03 (effective January 1, 1974). Evidence, direct and circumstantial, supports the fact that the persons who had care, custody and control of the money and property in the store parted with the same because of an assault, fear and violence. We find no merit in appellant's contention that it was necessary for the manager and assistant manager to testify that they did not give their consent to the taking of the money and property.

The judgment is affirmed.

Opinion approved by the Court.