Jay COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52187.

Court of Criminal Appeals of Texas.

June 23, 1976.

Frank D. Kerbow, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Stephen Capelle, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a conviction for felony theft of an automobile under V.T. C.A. Penal Code Section 31.03. Appellant pleaded nolo contendere, waived his right to a jury, and was found guilty by the trial court. Punishment was assessed at ten (10) years in the Texas Department of Corrections and the sentence was suspended and appellant placed on probation.

The undisputed facts show that during the night of May 11–12, 1974, a 1968 Chevrolet Corvette belonging to Carl Wiltsey was stolen from the parking lot of an apartment complex in the 1900 block of Burton

Drive in Austin. The car was stripped of the engine, transmission, seats and other parts. The fiberglass body was burned and the remaining frame was cut into several pieces and buried in the rear area of appellant's auto wrecking yard near Garfield.

Several weeks later, J. L. Cox was arrested by Austin police for burglary. He confessed to participating in as many as twenty-five crimes, including the theft of the Corvette, and told officers where the remains could be found. Armed with a search warrant, officers went to appellant's wrecking yard on July 30 and uncovered the remains of an automobile which they were able to verify as the stolen Corvette. Appellant was arrested and charged with felony theft.

At the trial, the State brought in as witnesses the officers who uncovered and identified the automobile, the owner Wiltsey, a credit union manager who testified as to the car's value, and Cox, who testified as an accomplice witness and as a party to the crime.

Cox stated that he and John Lesley Rhymes discussed with appellant the stealing of a 1969 Corvette because of the engine, a 327, and the four-speed transmission with which such a car was likely to be equipped. Cox stated that he and Rhymes located the car they wanted in an apartment parking lot off Riverside Drive in Austin; that he and Rhymes hot-wired the car and drove it to the rear end of appellant's wrecking yard, tore the fiberglass sides off and then left; that they returned the next morning at about 11:30 a. m. and, with the appellant, they cut the engine and transmission out of the car and then burned the car. He then stated that "They pushed it down to the scrap pile and covered it up," using a bulldozer which was kept in the wrecking yard. On cross-examination, it was brought out that he did not actually see "them" bury the car and that he assumed that the appellant had assisted in the burial but that he did not see him participate, nor was appellant present the previous night when Cox and Rhymes delivered the car.

Cox further stated that they took the engine and transmission to the front of the wrecking yard to a garage area and removed the transmission and that he installed it in a '37 coupe which he said he had traded for or bought from the appellant. He said he went back the next day and that the transmission had been stolen out of the coupe and that he had no idea what had happened to the 327 Corvette engine. Cox also testified that he had known appellant for years, that he had been on his wrecking yard property several times, and that he had burned the insulation off of stolen copper wire on the same location that the burning of the car took place. John Lesley Rhymes did not testify.

Appellant testified in his own defense and stated that he had not known Cox for years; that he had met him for the first time in March of 1974; and that he had never discussed the stealing of a car with Cox or Rhymes. He stated that he had no need for a 327 engine since he already had two in his yard. He said that Cox and Rhymes had come to his wrecking yard looking for auto parts and that Cox offered to buy a 1947 Chevrolet coupe which was sitting at the front of the yard near the garage and office buildings. Appellant stated that Cox told him he did not have the money right then but that he would get it and that he wanted to buy the coupe.

Appellant further testified that Cox came back the next day and again on other occasions to talk about the purchase of the 1947 coupe, but that Cox never did come up with the money. He said that Cox also offered to buy the transmission out of the coupe to install in his car and that they agreed on a price of $100 for the transmission. Appellant allowed Cox to take the transmission out of the coupe and put it in his car, but he stated that he was never paid for it. He stated that Cox came to the garage to install some seats (the Corvette seats) in the coupe and then came back on a later date for the transmission and that he had not seen Cox since that date. Regarding the burning of the copper wire, appellant stated

that he had given Cox his permission to burn the wire on the rear of his yard, but that he did not know it was stolen. Appellant described his premises as an eight-acre tract which was not fenced and was open to anyone who wanted to go into the yard. He said that he allowed customers to find and remove their own parts from the wrecked autos and that he remained at the front of the yard in the garage area. On the date that the stripping of the Corvette was alleged to have taken place, May 12, appellant testified that he had spent the entire day moving his household effects to a new home and that he went to the wrecking yard only to get a pickup to use in the moving. This portion of his testimony was corroborated by Charles Tarket who testified that he met appellant at the wrecking yard in his own pickup at about 11:00 a. m. on Sunday, May 12, and that the two spent the remainder of the day moving appellant to Garfield from Webberville. Tarket said that he also met appellant at the yard on the following day and that they spent that day working on his truck and riding motorcycles to Lake Travis until late in the evening. Appellant's father also testified and corroborated appellant's statement that he did not know Cox until March 1 of 1974. He also stated that he had known Cox for years and that he knew him to be a construction worker capable of operating a bulldozer. He also corroborated appellant's testimony that appellant had been arrested only once for driving while intoxicated in 1966 or 1967.

In his first ground of error, appellant contends that the State failed to prove the fair market value of the stolen car at the time and place of the offense as required by V.T.C.A. Penal Code Section 31.08(a)(1).

■ The record reflects that the owner of the car testified that he paid $2900 for the car, that he had had it about one year and that he still owed $1500 on it. When asked what he thought the reasonable value of the car was on May 12, 1974, he answered, "Between $2500 and $3000." The credit union manager who testified for the State stated that his opinion was based on the NADA "Blue Book" and his experience in making auto loans and that he felt the car had a value of $2500. We find the evidence sufficient to establish the reasonable value of the car as more than $200.00. *Nitcholas v. State*, 524 S.W.2d 689 (Tex.Cr.App.1975); *Trammel v. State*, 511 S.W.2d 951 (Tex.Cr. App.1974).

Appellant's first ground of error is overruled.

In appellant's second ground of error he contends that the uncorroborated evidence of the accomplice witness was not sufficient to support the court's finding of guilty.

■ We note at the outset that appellant pleaded nolo contendere rather than not guilty, and we have previously held that the effect of such a plea is the same as a plea of guilty insofar as the criminal prosecution is concerned. *Sowell v. State*, 503 S.W.2d 793 (Tex.Cr.App.1974). However, it was still incumbent upon the State to introduce evidence sufficient to prove the elements of the offense in order to support the conviction where a bench trial is involved. V.A.C. C.P. Art. 1.15; *Jones v. State*, 505 S.W.2d 903 (Tex.Cr.App.1974).

■ We note also that when the evidence introduced makes evident the innocence of the accused or if it is clear that the evidence sufficiently raises a defensive issue the court is required to withdraw the guilty or nolo plea on its own motion. *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App.1974); *Burks v. State*, 165 S.W.2d 460, 145 Tex. Cr.R. 15 (Tex.Cr.App.1942).

■ The appellant took the stand and testified that on the day the car was alleged to have been stripped, burned and buried, he was involved in moving his household effects to a new home. He also denied having any conversation with Cox concerning the car, and denied participation in any way with the theft, destruction and burial of the car or its pieces. This alibi testimony was corroborated by the witness Tarket, who said he spent the entire day of May 12

helping the appellant move. We find that this alibi testimony and the additional defense evidence contradicting the accomplice testimony were sufficient to raise a defensive issue and it was reversible error for the court to fail to withdraw the plea of nolo contendere.

With regard to the sufficiency of the corroboration of the accomplice witness testimony, V.A.C.C.P. Art. 38.14 provides that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and that the corroboration is not sufficient if it merely shows the commission of the offense.

■■■ The standards by which this Court reviews a case built around accomplice testimony were set out in detail in *Bentley v. State,* 520 S.W.2d 390 (Tex.Cr.App.1975). Quoting from our opinion in *Edwards v. State,* 427 S.W.2d 629, 632 (Tex.Cr.App. 1968), we reiterated:

"The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. *Dalrymple v. State,* 366 S.W.2d 576 (Tex.Cr. App.1963)."

Appellant was convicted under the theft statute of the new Penal Code. Since the evidence in no way indicates that he participated in the actual taking of the car, his offense must fall within Subsection (b)(2) of Section 31.03, which states: [1]

"(b) Obtaining or exercising control over property is unlawful if:

(2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen."

The State therefore has the burden of proving (1) the exercise of control over property (2) with the knowledge that it was stolen. Subsection (c) is significant with regard to the proof necessary under Subsection (b)(2):

"(c) For purposes of Subsection (b)(2) of this section:

(1) evidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty;

(2) the testimony of an accomplice shall be corroborated by proof that tends to connect the actor to the crime, but the actor's knowledge or intent may be established by the uncorroborated testimony of an accomplice."

In other words, when the offense falls within Subsection (b)(2), which is essentially the same as receiving stolen property under the old Code Art. 1430, *Pool v. State,* 528 S.W.2d 255 (Tex.Cr.App.1975), then the quantum of proof necessary under Art. 38.-14, V.A.C.C.P. is modified to the extent that the State must introduce corroborating evidence as to the possessory link between the defendant and the stolen property, but the accomplice's testimony will be sufficient to establish the element of knowledge without corroboration.

While not directly applying Subsection (c)(2), we held in *Deas v. State,* 531 S.W.2d 810 (Tex.Cr.App.1976) that an accomplice's testimony that the defendant was engaged in a conversation about the sale of cattle with a co-defendant and a third party was not sufficient to show that the conversation

---

1. This Section has been amended to make the "appropriation" of property unlawful. "Appropriate" is defined as to acquire or otherwise exercise control over property. Subsection (b)(2) now says a person commits an offense if the property is stolen and the actor appropriates the property knowing it was stolen by another.

involved stolen cattle or that the defendant, Ronnie Mack Deas, knew that the cattle he was attempting to sell were stolen.

■ An examination of the non-accomplice testimony presented by the State in the present case shows that a 1968 Corvette was stolen on the night of May 11–12, 1974; that the car was stripped, burned, cut into pieces and buried in the appellant's wrecking yard. The only corroborating testimony brought out in the evidence put on by the defense was that the appellant was acquainted with the accomplice, but the time of the acquaintance and the circumstances of the relationship testified to by the defense witnesses completely contradicted the testimony given by the accomplice Cox. The appellant's evidence also shows that anyone had access to the wrecking yard at any time of the day or night, which might tend to explain how a car could be stripped, burned and buried on appellant's property without his knowledge. Clearly the State's non-accomplice evidence showing unexplained presence of the car in appellant's wrecking yard would, standing alone, be insufficient to support a finding of guilty. *Crain v. State,* 529 S.W.2d 774 (Tex.Cr.App. 1975); *Pool v. State,* supra.

Considering the totality of the evidence presented by both the State and the appellant, we find that even though some of the non-incriminating details recited by the accomplice are supported by the testimony of the witnesses, the corroborating evidence fails to meet the requirement that it tend to connect the appellant with the offense alleged. *Moore v. State,* 521 S.W.2d 263 (Tex.Cr.App.1975).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ROBERTS and ODOM, JJ., concur only in that part of the opinion which holds that the court reversibly erred in failing to withdraw appellant's plea of nolo contendere.

DOUGLAS, J., dissents.