Jimmy Ray FISHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52237.

Court of Criminal Appeals of Texas.

July 14, 1976.

Brown, Bancroft & Miller, Big Spring, for appellant.

Tom O'Connell, Dist. Atty., and Verla Sue Holland, Asst. Dist. Atty., McKinney, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for aggravated robbery. The plea was guilty before a jury and punishment was assessed at twenty-three years.

Appellant was tried on August 11, 1975 for an offense which occurred on September 18, 1974. He waived indictment by the Grand Jury and was tried upon an information. Appellant made no objection to the information at the trial.

Appellant contends that the information was insufficient to sustain a conviction for aggravated robbery. The information reads, in part, as follows:

". . . Jimmy Ray Fisher did then and there while in the course of committing theft of Three Hundred and Seventy-Five Dollars (4375.00) in Lawful United State Currency, hereinafter called "The Property", from Mrs. W. B. Hendricks, with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a pistol, knowingly and intentionally threaten and place Mrs. W. B. Hendricks, in fear of imminent bodily injury and death. . . ."

■ He maintains that the information was defective because it failed to allege the elements of the offense of theft. This information is essentially the same in substance as the indictment sustained in *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974). There it was decided that under the 1974 Penal Code it was not necessary to allege the elements of theft in an indictment for aggravated robbery. This Court, in *Earl*, reasoned that because the actual commission of the theft is not a prerequisite to the completion of crime of aggravated robbery, it would not be necessary to allege the

elements of the offense of theft in an indictment for aggravated robbery.

The same rules which apply to an indictment also apply to an information. Article 21.23, V.A.C.C.P. We hold that the information in this case was not defective for failure to allege the elements of the offense of theft. See also *Watson v. State*, 532 S.W.2d 619 (Tex.Cr.App.1976).

Next he contends that the information was vague and indefinite and therefore insufficient to support a conviction because the use and exhibition of a deadly weapon is subject to two interpretations. The first interpretation is that the weapon was displayed at the beginning of the robbery; the second interpretation is that the weapon was displayed subsequent to the beginning of the transaction (that is, after the taking of the property).

Since the information is complained of first on appeal, only fundamental defects in the information can be considered. Such a fundamental defect would be whether the indictment failed to allege the elements of the offense before the court. See *Terry v. State*, 517 S.W.2d 554 (Tex.Cr.App.1975); Article 27.08, V.A.C.C.P.

V.T.C.A., Penal Code, Section 29.02, states that a person commits robbery if "in the course of committing theft" he causes or threatens bodily injury. V.T.C.A., Penal Code, Section 29.01, defines "in the course of committing theft" as conduct which occurs "in an attempt to commit [theft] during the commission, or in immediate flight after the attempt or commission of theft." Under the 1974 Penal Code either interpretation of the information offered by the appellant would constitute the offense of robbery. The information is sufficient to allege the offense. See *Trevino v. State*, 519 S.W.2d 864 (Tex.Cr.App.1975).

No error is shown. The judgment is affirmed.