Jerry Alonzo GATES, Appellant,

v.

The STATE of Texas, Appellee.

No. 52836.

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Dissenting Opinion on State's Motion for Rehearing Dec. 1, 1976.

Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John Tatum, Fred Davis, Brian Blessing, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery. The jury assessed

punishment at five years' confinement in the Texas Department of Corrections.

Initially, we note that the record reveals a confusing set of circumstances. Appellant was tried jointly with two co-defendants. There is no written waiver of a jury trial pursuant to Article 1.15, V.A.C.C.P., in the record. The stipulation of evidence signed by the appellant states that he waived arraignment and the reading of the indictment. On March 27, 1975, a proceeding was had, absent a jury, during which the indictment was read to the appellant. The appellant entered a plea of guilty and was admonished of the consequences of his plea. The docket sheet entry for March 27, 1975 reflects, inter alia, "Defdt. arraigned—entered a plea of guilty."

■ After this proceeding, a jury was brought in and sworn. The indictments charging appellant's co-defendants were read to the co-defendants and they pleaded guilty. From the face of the record, it appears that the indictment charging the appellant was not read nor did he enter any plea in front of the jury, though he was once again admonished of the consequences of his plea in front of the jury.[1]

■ In order to enter a plea of guilty before the judge, the right to a trial by jury should be waived under the procedure provided for in Article 1.13, V.A.C.C.P. Article 1.15, V.A.C.C.P.; *Wilson v. State*, 154 Tex. Cr.R. 39, 224 S.W.2d 234 (1949). Otherwise, the plea of guilty must be before a jury which is impaneled to assess the defendant's punishment. Article 26.14, V.A.C.C.P.

■ In the instant case, appellant and his co-defendants were arraigned, had entered pleas of guilty and had been admonished of the consequences of their pleas. Since no waivers of a trial by jury had been

filed, the jury was apparently impaneled under Article 26.14, V.A.C.C.P., to hear evidence to enable them to assess punishment. The record reflects that after they were impaneled, the indictment was read to co-defendant Leonard Davis, to which he persisted in entering his plea of guilty. The indictment charging co-defendant Harold Davis was read and he, in turn, persisted in pleading guilty. However, for some inexplicable reason, the record reflects that the indictment was once again read to Leonard Davis and once again he entered a plea of guilty. The indictment was never read to the appellant nor did he enter any plea in front of the jury. In light of the subsequent admonishments to all the defendants, with each defendant answering out in turn, we hypothesize that an error was made by the court reporter when the notes were transcribed.[2] This is borne out by the following colloquy in front of the jury after the indictments were read:

"THE COURT: You still want to plead guilty?

"HAROLD EDWARD DAVIS: Yes, sir.

"LEONARD DAVIS: Yes, sir.

"JERRY ALONZO GATES: Yes, sir."

We conclude that at this point appellant was proceeding under a valid plea of guilty.

By his first ground of error, the appellant contends that the evidence is insufficient to support a conviction for aggravated robbery. More specifically, he points to a complete absence of evidence that the complaining witness suffered bodily injury or was in fear of imminent bodily injury.

■ A plea of guilty before the jury admits all the elements of the offense. *Ex Parte Taylor*, 480 S.W.2d 692, 693 (Tex.Cr. App.1972); *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942).

1. While this Court has stated it before, *Wilson v. State*, 436 S.W.2d 542 (Tex.Cr.App.1969), we take the opportunity to say it again: The proper time for a defendant to be admonished of the consequences of his plea of guilty is upon arraignment and before the jury is empaneled.

2. Such hypothesizing would be unnecessary if the parties and the trial court did not automati-

cally assume that the record spoke the truth. The parties have an obligation to examine the record after it is completed so that they may object to the record and make it speak the truth. Art. 40.09(7), V.A.C.C.P. The trial court has a similar duty under Article 40.09(7). *See also*, Art. 40.09(12) and *Guzman v. State*, 521 S.W.2d 267 (Tex.Cr.App.1975).

Appellant's first ground of error is overruled.

By his second and third grounds of error, the appellant contends that his plea of guilty was not voluntary and that, in light of the evidentiary development, the trial court erred in not withdrawing his plea of guilty, *sua sponte.*

■ The record reflects that after the appellant had pleaded guilty to the indictment at the arraignment, his counsel qualified his plea by making a motion to quash the indictment because ". . . if these defendants are guilty, the facts will show that they are guilty of an attempted robbery . . .." The court overruled this motion. It was reurged after the State rested because ". . . we haven't all of the elements of aggravated robbery . . and we have only—the evidence only deals with attempt . . .." The court overruled this motion again.

The appellant then took the stand. During vigorous cross-examination by the State, the appellant made clear that he was not guilty of the offense charged and that he was admitting guilt only as to attempted robbery.[3]

In *Burks v. State, supra,* this Court held: "In the light of the adjudicated cases, the rule now appears to be that, where a plea of guilty is entered in a felony case, before a jury, and evidence is introduced which makes evident the innocence of the accused, or which reasonably and fairly raises an issue as to such fact, such evidence should be withdrawn or a plea of not guilty entered. At any and all events, the case should not proceed to final judgment under the plea of guilty." *Accord, Cooper v. State,* 537 S.W.2d 940, 943 (Tex.Cr.App.1976).

In *Rayson v. State,* 160 Tex.Cr.R. 103, 267 S.W.2d 153 (1954), the defendant pleaded guilty at arraignment but during the course of the trial took the stand and denied committing the offense charged. This Court held that the trial court properly changed the defendant's plea to not guilty before the jury.

In *Fite v. State,* 163 Tex.Cr.R. 279, 290 S.W.2d 897 (1956), this Court held that the defendant's own testimony that he could not recall his actions made it the duty of the trial court to withdraw his plea of guilty.

From the totality of the circumstances surrounding the case at bar, we conclude that appellant was not voluntarily pleading guilty to the offense charged in the indictment. The trial court charged the jury that the appellant had pleaded guilty and instructed them to return a verdict of guilty. This was reversible error. The circumstances reasonably and fairly raised an issue as to the fact of appellant's guilt of the offense charged. The case should not have proceeded to final judgment under the plea of guilty. *Burks, supra.*

In a final ground of error, the appellant complains of the trial court's comment upon a question asked by appellant's counsel. We feel that any error committed by the trial court with regards to this matter will not occur again upon retrial of the case.

The judgment of the trial court is reversed and remanded.

DOUGLAS, J., concurs in the results.

## DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge (dissenting).

The majority overrules the State's motion for rehearing without written opinion. The motion should be granted. We should hold that appellant's plea of guilty was voluntarily made and that the trial court did not err in failing to withdraw appellant's plea of guilty on its own motion in light of evidentiary developments, as contended in appellant's second and third grounds of error.

---

**3.** The appellant testified ". . . I attempted to rob a store, and it wasn't complete . . .."

The following, prepared by Commissioner H. P. Green, is adopted as a part of this opinion:

"After the proceedings during arraignment and thereafter when admonishments of appellant and his co-defendants were before the jury, as stated in the opinion on original submission, the court accepted the pleas of guilty of each defendant, including appellant, and the State proceeded to offer its testimony. The written stipulation of evidence signed by appellant was admitted without objection. In this stipulation appellant waived the reading of the indictment and stated:

"'Accordingly, having waived my Federal and State constitutional rights against self-incrimination and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case.

"'On November 1, 1974, in Dallas County, Texas, I did participate in the attempt to take the money of Agapito Hernandez at gunpoint as charged in the indictment.'

"In addition to the stipulation, the State's evidence consisted of the testimony of two eyewitness members of a stake-out squad of police officers at the location of the offense. Their testimony of the events was sufficient to establish the guilt of each of the three defendants, including appellant, of the robbery.

"After the State rested, appellant again urged his motion to dismiss the indictment which he had made after arraignment, and as stated in our opinion on original submission, and the court again overruled it.

"Appellant then took the stand and on direct examination gave testimony addressed to his application for probation. On cross-examination, he admitted entering the 7–11 store in question with his companions and stated that at the time he had with him a loaded .22 caliber pistol. In answer to the question: 'Whose idea was it to go rob the store?' he answered, 'Well, like I said, it's something that sort of occurred, you know.

We didn't just sit down and plan and say we are going to do it like this right here (indicating).' He also stated:

"'Well, is it all right if I say that I am admitting I am guilty and I think it seems like that should be substantial, that should be enough. I admit that I attempted to rob a store, and I am asking for another chance for probation, but all the other questions, I don't understand why it's really necessary. I did attempt to rob the store.'

"In connection with what actually occurred, he testified:

"'A. Well, anyway, it was kind of like, when I pulled the pistol out, I was pulling it out, and just as I brought it out, I immediately started hiding it, see, I didn't say, "Well, I want your money", because—Well, when I pulled it out, the police pulled up, so I just stuck it up under something, you see, I never did get a chance to say, "Here, I'm asking for your money", when the police pulled up I took the gun out, in the process of hiding it.

"'Q. If the police hadn't pulled up, what would you have done?

"'A. If the police wouldn't have pulled up?

"'Q. Right.

"'A. Well, I mean, it was sort of like this—okay—if this is what you want to hear, I would have robbed him.'

* * * * * *

"'Q. Well, you were going to speak to him had the police not pulled up, correct?

"'A. The police pulled up and stopped me from robbing him.'

He later testified that:

"'It wasn't planned, I attempted to rob a store, and it wasn't complete. I made a mistake, and I am asking for a chance.

"'Q. What if the man wouldn't give you the money?

"'A. I wouldn't have used the gun.

" 'Q. If you weren't going to use it, why did you take it? Why did you pull it out? Why did you point it at him?

" 'A. Why did I point it at him?

" 'Q. Yes.

" 'A. Well, like I said, I was attempting to rob him.'

"The indictment against appellant alleged that on or about November 1, 1974, in Dallas County, Jerry Alonzo Gates

" 'did then and there unlawfully while in the course of committing theft and with the intent to obtain and maintain control of the property of Agapito Hernandez, hereinafter called "complainant" the said property being current money of the United States of America, without the effective consent of the said complainant and with the intent to deprive the said complainant of said property, did then and there by using and exhibiting a deadly weapon, towit, a handgun, knowingly and intentionally threaten and place the said complainant in fear of imminent bodily injury.'

"This indictment complies with the elements of aggravated robbery as set forth in V.T.C.A., Penal Code, Sections 29.02 and 29.03.

"It is well established by the decisions of this Court involving robberies committed since the effective date of the new Penal Code that the actual commission of the offense of theft is not a prerequisite to the commission of robbery. See *Earl v. State*, [Tex.Cr.App.] 514 S.W.2d 273; *Fisher v. State*, [Tex.Cr.App.] 538 S.W.2d 623; *Servance v. State*, [Tex.Cr.App.] 537 S.W.2d 753; *Watson v. State*, [Tex.Cr.App.] 532 S.W.2d 619; *Reese v. State*, [Tex.Cr.App.] 531 S.W.2d 638.

"In *Watson v. State,* supra, we said:

" ' . . . Only recently in *Reese v. State*, supra, we took note of *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974), where we said that "*the actual commission of theft is not prerequisite to commission of a robbery,* nor need the victim

of the theft or attempted theft and the victim of the robbery be the same." See also *Watts v. State*, 516 S.W.2d 414 (Tex. Cr.App.1974). This is so because the statute defining robbery (V.T.C.A. Penal Code, Sec. 29.02) used the term "in the course of committing theft." That phrase as defined in V.T.C.A. Penal Code, Sec. 29.01, "means conduct that occurs in an attempt to commit, during the commission or in immediate flight after the attempt or commission of theft."

" 'It is clear that under the new Penal Code there is no requirement that in every robbery case there must be a fraudulent taking of property as an essential element of the case as was required under the former Code. See Article 1408, Vernon's Ann.P.C., 1925.' (Emphasis Supplied)

"Considering the testimony of appellant that he entered the store with his companions, pointed a loaded pistol at the clerk with the intention to rob 'the store' [1] and would have completed the robbery if police had not intervened, such testimony supports his stipulation that the offense of robbery was committed. His testimony regarding 'attempted robbery' was a conclusion of his, obviously referring to his failure to complete the theft, and should not be permitted to govern over his other testimony concerning the facts. As demonstrated by his own testimony, he entered the store, exhibited to the clerk a loaded pistol while in the course of committing theft (see V.T.C.A. Penal Code, Sec. 29.01), even though theft was not actually committed, and at the time he had the intent to obtain and maintain control of complainant's property. See V.T. C.A. Penal Code, Secs. 29.01, 29.02, 29.03; *Watson v. State*, supra; *Earl v. State*, supra; *Reese v. State*, supra.

"1. Actually, he meant to rob the clerk of the store, who, the evidence shows, was Agapito Hernandez.

"In *Lewis v. State*, [Tex.Cr.App.] 529 S.W.2d 550, we cited with approval *Reyna v. State*, [Tex.Cr.App.] 434 S.W.2d 362, and said:

" 'Reyna v. State, supra, further held that the trial court is only obligated to withdraw a defendant's plea of guilty when testimony is introduced which

" " " . . . makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn.

" ' " * * *

" ' " [T]hat evidence must go further than just tending to show a defensive issue, but must reasonably and fairly present such issue before the trial court would be required to withdraw the guilty plea."   434 S.W.2d 362, 365.

" 'See also Lee v. State, 503 S.W.2d 244 (Tex.Cr.App.1974); Hayes v. State, 484 S.W.2d 922 (Tex.Cr.App.1972); Edworthy v. State, 371 S.W.2d 563 (Tex.Cr.App. 1963); Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942); Navarro v. State, 141 Tex.Cr.R. [196], 147 S.W.2d 1081 (1941); Harris v. State, 76 Tex.Cr.R. 126, 172 S.W. 975 (1915).'

"See also Davis v. State, [Tex.Cr.App.] 507 S.W.2d 740.

"In Cooper v. State, [Tex.Cr.App.] 537 S.W.2d 940, we said:

" 'We note also that when the evidence introduced makes evident the innocence of the accused, or if it is clear that the evidence sufficiently raises a defensive issue the court is required to withdraw the guilty or nolo plea on its own motion. Faz v. State, 510 S.W.2d 922 (Tex.Cr.App. 1974); Burks v. State, 165 S.W.2d 460, 145 Tex.Cr.R. [15] 19 (Tex.Cr.App.1942).'

"In Cooper, the defendant pled nolo contendere, but testified to an alibi, which testimony was corroborated by another witness. This testimony if true would have been a complete defense to the charge against the defendant, and we held that the trial court reversibly erred in failing to withdraw the plea of nolo contendere. See also Rayson v. State, [160 Tex.Cr.R. 103] 267 S.W.2d 153; Fite v. State, [163 Tex. Cr.R. 279] 290 S.W.2d 897.

"In the instant case . . . the testimony of appellant was not sufficient if

believed to make evident the innocence of appellant of the offense of aggravated robbery, and did not fairly raise an issue as to such fact.  The trial court did not err in failing to withdraw sua sponte appellant's plea of guilty.

". . . [T]he record establishes that appellant's plea of guilty was made freely and voluntarily after being fully admonished by the court of the consequences of such plea.  See Art. 26.13, V.A.C.C.P.

" * * *

"Green, Commissioner"

Appellant admitted that he had a loaded pistol on this occasion and that he exhibited it in the course of committing the crime of theft. This establishes robbery as the majority correctly decided in the opinion on original submission.

Where does any of the testimony raise a fact issue? This is not pointed out by the majority because there is none. Until such a fact issue is raised, there is no duty for a trial court to withdraw a plea of guilty. See Sanchez v. State, Tex.Cr.App., 543 S.W.2d 132 (1976). Apparently the majority does not note the difference under the former Penal Code, Article 1408, which required that property had to be taken before an offense of robbery may be committed by use of a deadly weapon while in the course of committing theft. As seen from the above, in the course of committing theft includes attempts to take property.

The majority should follow the present Penal Code and not construe it according to the provisions of the former Code which has been repealed.

It is difficult, in fact impossible, to understand the majority's two positions: (1) that the evidence is sufficient to support the conviction for robbery when there was an attempt to take the money, and (2) that the testimony of appellant that he was guilty and that he was attempting to take the money created a fact issue.

The motion for rehearing should be granted and the judgment should be affirmed.