**Bobby Ray WOODBERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53645.**

Court of Criminal Appeals of Texas.

March 9, 1977.

**630**

Phil L. Adams, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Sue Lagarde and Paul Maculuso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of aggravated robbery, on a plea of guilty to a jury which assessed punishment at five years.

The sole complaint is that the court erred in not withdrawing the plea of guilty on its own motion after appellant took the stand and testified equivocally about his actions during the robbery, substantially claiming that he made no overt effort to rob the complaining witness.

Charles Chandler testified that on September 20, 1975, appellant and a young woman came walking into his service station located in the Pleasant Grove area of Dallas. After appellant purchased a dollar's worth of gas, he and his companion lingered around the station. After asking for change for a dollar, appellant reached into his back pocket, pulled out a small caliber pistol and said, "Give me your damn money." Chandler said, "Hell no!", and then broke and ran from the station, yelling, "Help, police, robbery." Appellant yelled, "Stop or I'll shoot", but no shots were fired, as the two robbers then fled the scene without obtaining any money.

Appellant was arrested in the closet of a vacant house several blocks away from the robbery scene. The officers found a small caliber pistol there.

Prior to entering his plea of guilty to the jury, the trial court properly admonished appellant of the consequences of his plea as required by Article 26.13, V.A.C.C.P. After the State had rested its case, appellant testified that his girlfriend, Jean, suggested that he help her rob a filling station and that she gave appellant a pistol to accomplish the robbery. Appellant admitted that when he walked up and pulled out a pistol Chandler yelled something and ran away. Appellant denied saying anything to or pointing the pistol at Chandler.

On cross-examination, appellant related that he had difficulty making up his mind as to whether or not he was going to commit the robbery and that his girlfriend, Jean, had to ask him three separate times to do it. He acknowledged receiving the gun from the girlfriend, admitted displaying the pistol to the complaining witness, but stated that the display of the pistol was only a "reflex action", and that he didn't even know it was loaded. Even though he admitted knowing that his actions were wrong and that he might get in trouble, he testified that he "made no effort of trying to rob the man."

On appeal, appellant argues that his denial of the demand for money and lack of threats, as well as his denial that he pointed a pistol at Chandler, and testimony that he made "no effort" of trying to rob him were sufficient to require the trial court to withdraw the plea of guilty on its own motion.

No effort was made by defense counsel at any time during the trial to withdraw the plea and no objection was made to the court's charge to the jury instructing that a finding of guilty be rendered.

The holding in *Gates v. State*, 543 S.W.2d 360 (Tex.Cr.App.1976), is controlling. Both *Gates* and the instant case involved pleas of guilty to juries on the charges of aggravated robbery. In both cases the defendants admitted confronting the complaining witnesses with the intent to commit robbery, brandishing pistols, but denied that the robbery was completed as no property or money was obtained from the victims due to extenuating circumstances. In neither case did the defendant request to withdraw the plea or make an objection to the court's charge instructing the jury to enter a verdict of guilty.

This Court reversed the conviction in *Gates* holding that, from a review of the totality of circumstances, the appellant was not voluntarily pleading guilty to the offense charged in the indictment. The appellant stated that he "made no effort of trying to rob the man" and further equivocated about his intent and his actions during the alleged robbery. It appearing that the admissions made by the defendant in *Gates* are even stronger than those admissions made in the case at bar, it follows that the same result must occur even though in both cases the testimony of the defendant showed that he was guilty of the offense of aggravated robbery under V.T.C.A., Penal Code, Sections 29.01(1) and 29.03(a)(2).[1]

Even though appellant's testimony shows him to be guilty of the offense of aggravated robbery, the equivocal nature of his testimony still requires a reversal under the authority of *Gates v. State*, supra.[2]

For the reasons stated, the judgment is reversed and the cause remanded.

ROBERTS, Judge, concurring.

The question is not whether the appellant's testimony shows him to be guilty of the offense, but whether his testimony allows the case to be submitted to the jury on a plea of guilty.

If the appellant's testimony raises a fact issue as to whether he was guilty of the offense charged, then it doesn't mean he is not guilty, it just means that the case should not proceed to a final judgment under a plea of guilty. *Gates, supra*; *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942).

Irrespective of whether the appellant's testimony shows him to be guilty of the offense charged, the case should not have proceeded to a final judgment under a plea of guilty because of the fact issue created by appellant's testimony that he "made no effort of trying to rob the man."

I concur in the result.

ONION, P. J., joins in this opinion.

---

1. As the State's brief correctly points out, appellant and his companion went to the robbery scene armed, with the intent to commit theft, brandishing weapons, which forced the complaining witness to flee the scene, screaming for the police. Such testimony is sufficient to support a conviction for aggravated robbery. See *Reese v. State*, 531 S.W.2d 638 (Tex.Cr. App.1976); *Lightner v. State*, 535 S.W.2d 176 (Tex.Cr.App.1976); *Johnson v. State*, 541

S.W.2d 185 (Tex.Cr.App.1976); *Watts v. State*, 516 S.W.2d 414 (Tex.Cr.App.1974).

The fact that no money or property was ever obtained from the complaining witness is not material in a prosecution for aggravated robbery under the new Penal Code. See *Davis v. State*, 532 S.W.2d 626 (Tex.Cr.App.1976).

2. The writer did not agree with the decision in *Gates* but is bound by it.