**Opinion filed July 21, 2011**



## In The

# Eleventh Court of Appeals

_____

## No. 11-10-00264-CR
_____

## CHRISTOPHER REID TAYLOR, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23621A**

### M E M O R A N D U M   O P I N I O N

Christopher Reid Taylor appeals his conviction by the trial court of the offense of aggravated robbery, following his plea of guilty. The trial court sentenced him to ten years in the Texas Department of Criminal Justice, Institutional Division. In three issues, Taylor urges that (1) the evidence is insufficient to sustain his conviction because he lacked the necessary intent to commit aggravated robbery, (2) the trial court erred in accepting his guilty plea when evidence during the sentencing hearing showed that he lacked the requisite intent as a necessary element of the offense of aggravated robbery, and (3) the trial court erred in not considering all the

evidence when it accepted his guilty plea because his testimony during that sentencing hearing created a fact issue on an essential element of the offense charged. We affirm.

Taylor contends in Issue One that the evidence is insufficient to sustain his conviction because he lacked the necessary intent to commit aggravated robbery. A judicial confession that covers all of the elements of the charged offense is sufficient to support a plea of guilty. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). In connection with his plea of guilty, Taylor made a judicial confession in which he stated:

> I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:
>
> That on or about the 13th day of December, 2008 in Taylor County, Texas, I, CHRISTOPHER REID TAYLOR while in the course of committing theft of property and with intent to obtain and maintain control of said property, used and exhibited a deadly weapon, to-wit: a RIFLE, and I, CHRISTOPHER REID TAYLOR did then and there intentionally and knowingly threaten and place WILLIAM SMITH in fear of imminent bodily injury and death by the use of said deadly weapon.

At the subsequent sentencing hearing, William Smith testified that he was working at an Allsup's store in Abilene when he was robbed by a man, wearing a ski mask, who pointed a rifle at him. He identified Jaime Guajardo as the man who committed the robbery. He stated that, after his manager told him to lock the store and come back the next day, he was at another Allsup's store getting coffee when Guajardo came into the store and went to the restroom. Smith insisted that Guajardo had the ski mask off during the robbery and that he saw his face. Smith said that the clerk called police, who came and arrested both Guajardo and Taylor.

Guajardo testified that, on the occasion in question, he and Taylor hit three Allsup's convenience stores in the course of about an hour. He insisted that it was Taylor's idea to rob the first store. He said that Taylor was helping him that night by driving the vehicle that got him from one Allsup's to another. He related that, about 1:20 a.m., Taylor went in the Allsup's on South 23rd Street to see if anyone was there. According to Guajardo, Taylor came out of the store and said it was okay, drove his car to the alley across the street, and told him to go ahead and rob the store "right now." He indicated that, after he thought Smith was captured in the store's office, he returned to the car and jumped in the backseat, and Taylor took off. He related that, when he got back in the car, Taylor wanted his share of the money right away. Guajardo

2

stated that, after they split the money, they agreed to rob one more store. Guajardo said that he got the rifle he used in the robbery from Taylor, who told him that he got it "out of the car."

Taylor testified at the sentencing hearing that it was Guajardo who brought the rifle, telling him that he had obtained the weapon from a car. He said that he did not plan on robbing a convenience store that night. He stated that he and Guajardo stopped at the Allsup's store on South 23rd Street because Guajardo told him that he and the man working there were having trouble and that he was going to fight him. Taylor confirmed that he parked the car in the alley across the street, but said it was so his car would not be at the scene if the police were called about the fighting. He denied going into the store at all or receiving anything taken. He insisted that he did not know the store had been robbed until Guajardo jumped in the car and yelled, "Go, go, go." Taylor acknowledged that he drove Guajardo to another Allsup's store, knowing that he was going to rob it.

Taylor also testified that the marihuana and drugs they were taking were "already coming off and wearing down by the time we robbed that store at 1 o'clock or 2 o'clock, whenever it was." When asked why they did not just keep driving, Taylor responded, "I honestly don't know. He said we can rob that store to get some money because we were running low on money. I only had 45 dollars at the time. And I don't know how much he had . . . I said, 'If you want to rob a store, you would have to be the one to do it.'" He said he understood that he would be considered an accessory for driving Guajardo around but that he did not think anybody would get caught. He admitted that he thought he was going to get away with it. Taylor subsequently stated that, around the time of the robbery, his participation in it was in character for him. He further acknowledged that, once he committed the robberies with Guajardo, he talked his mother into making his bond. Taylor further acknowledged that, with respect to the first robbery, he had told police that Guajardo told him that he and the "old dude" had gotten into a fight and Guajardo had hit him with the rifle.

When an appellant has made a judicial confession sufficient to sustain his conviction for the offense charged, but additional evidence is offered that is inconsistent with guilt, the only question presented for review is whether the appellant's plea of guilty should have been withdrawn by the court and a plea of not guilty entered. *Moon v. State*, 572 S.W.2d 681, 681-82 (Tex. Crim. App. 1978, op. on rehearing). When the defendant has entered a plea of guilty after waiving a jury and exculpatory evidence is subsequently received, there is no valid reason for the

trial court to withdraw the guilty plea and enter a plea of not guilty for the defendant. *Aldrich v. State*, 104 S.W.3d 890, 893 (Tex. Crim. App. 2003).

Taylor makes no claim that his judicial confession is insufficient to support his conviction, but asserts that his testimony amounted to a retraction of his judicial confession, leaving the evidence insufficient. He cites no authority for this position. Our understanding is that the trial judge, as the trier of fact, may consider all of the evidence, including the original judicial confession, together with any evidence that, if believed, could indicate innocence, and either find the defendant guilty of the primary offense charged; find the defendant guilty of a lesser included offense, if any; or find the defendant not guilty. *Id.* at 893.

In any event, the evidence is sufficient even if we do not consider Taylor's judicial confession. Taylor's accomplice, Guajardo, contradicted Taylor's testimony that he did not know the first robbery was going to occur, indicating that the robbery was Taylor's idea and that Taylor had gone in before him to make sure it was okay to proceed with the robbery. While the uncorroborated testimony of an accomplice is insufficient to support a conviction, the testimony is sufficient if the testimony is corroborated by other testimony that tends to connect the defendant with the commission of the offense. *Cooper v. State*, 537 S.W.2d 940, 944 (Tex. Crim. App. 1976). Excluding the testimony of Guajardo, the remainder of the testimony, including that of Taylor himself, tends to connect him with the commission of the offense. Consequently, the evidence is sufficient. We overrule Issue One.

Taylor insists in Issue Two that the trial court erred in accepting his guilty plea, when evidence during the sentencing hearing showed he lacked the requisite intent as a necessary element of the offense of aggravated robbery. He presents no argument or authority in support of this issue. As we noted in our discussion of Issue One, there was no valid reason for the trial court to withdraw Taylor's guilty plea and enter a plea of not guilty for him. *See id.* We overrule Issue Two.

Taylor urges in Issue Three that the trial court erred in not considering all the evidence when it accepted his guilty plea because his testimony during his sentencing hearing created a fact issue on an essential element of the offense charged. Taylor does not refer us to anything in the record that would support a conclusion that the trial court did not consider all of the evidence. Taylor argues that the trial court should have affirmatively stated for the record that it considered all of the evidence. He relies upon *Moon*, 572 S.W.2d 681, and TEX. CODE CRIM. PROC. ANN.

4

art. 1.15 (Vernon 2005) in support of his contention. We have examined both and find nothing that would require the trial court to state for the record that it was doing its duty to consider all the evidence. In any event, no objection was presented at trial to the trial court's failure to make such a statement for the record, nor was there a request for the court to make such a statement. Consequently, nothing is presented for review. TEX. R. APP. P. 33.1(a). We overrule Issue Three.

The judgment is affirmed.


PER CURIAM


July 21, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.