Opinion filed July 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00264-CR

                                                    __________

 

                         CHRISTOPHER
REID TAYLOR, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 23621A

 



 

                                            M
E M O R A N D U M   O P I N I O N

Christopher
Reid Taylor appeals his conviction by the trial court of the offense of
aggravated robbery, following his plea of guilty.  The trial court sentenced
him to ten years in the Texas Department of Criminal Justice, Institutional
Division.  In three issues, Taylor urges that (1) the evidence is insufficient to
sustain his conviction because he lacked the necessary intent to commit
aggravated robbery, (2) the trial court erred in accepting his guilty plea when
evidence during the sentencing hearing showed that he lacked the requisite
intent as a necessary element of the offense of aggravated robbery, and (3) the
trial court erred in not considering all the evidence when it accepted his
guilty plea because his testimony during that sentencing hearing created a fact
issue on an essential element of the offense charged.  We affirm.

Taylor
contends in Issue One that the evidence is insufficient to sustain his
conviction because he lacked the necessary intent to commit aggravated
robbery.  A judicial confession that covers all of the elements of the charged
offense is sufficient to support a plea of guilty.  Menefee v. State,
287 S.W.3d 9, 13 (Tex. Crim. App. 2009).  In connection with his plea of
guilty, Taylor made a judicial confession in which he stated:

            I
judicially confess to the following facts and agree and stipulate that these
facts are true and correct and constitute the evidence in this case:

 

            That on
or about the 13th day of December, 2008 in Taylor County, Texas, I, CHRISTOPHER
REID TAYLOR while in the course of committing theft of property and with intent
to obtain and maintain control of said property, used and exhibited a deadly
weapon, to-wit: a RIFLE, and I, CHRISTOPHER REID TAYLOR did then and there
intentionally and knowingly threaten and place WILLIAM SMITH in fear of
imminent bodily injury and death by the use of said deadly weapon.

 

            At
the subsequent sentencing hearing, William Smith testified that he was working at
an Allsup’s store in Abilene when he was robbed by a man, wearing a ski mask,
who pointed a rifle at him.  He identified Jaime Guajardo as the man who
committed the robbery.  He stated that, after his manager told him to lock the
store and come back the next day, he was at another Allsup’s store getting
coffee when Guajardo came into the store and went to the restroom.  Smith
insisted that Guajardo had the ski mask off during the robbery and that he saw
his face.  Smith said that the clerk called police, who came and arrested both
Guajardo and Taylor.

            Guajardo
testified that, on the occasion in question, he and Taylor hit three Allsup’s
convenience stores in the course of about an hour.  He insisted that it was
Taylor’s idea to rob the first store.  He said that Taylor was helping him that
night by driving the vehicle that got him from one Allsup’s to another.  He
related that, about 1:20 a.m., Taylor went in the Allsup’s on South 23rd Street
to see if anyone was there.  According to Guajardo, Taylor came out of the
store and said it was okay, drove his car to the alley across the street, and
told him to go ahead and rob the store “right now.”  He indicated that, after
he thought Smith was captured in the store’s office, he returned to the car and
jumped in the backseat, and Taylor took off.  He related that, when he got back
in the car, Taylor wanted his share of the money right away.  Guajardo stated
that, after they split the money, they agreed to rob one more store.  Guajardo
said that he got the rifle he used in the robbery from Taylor, who told him
that he got it “out of the car.”

            Taylor
testified at the sentencing hearing that it was Guajardo who brought the rifle,
telling him that he had obtained the weapon from a car.  He said that he did
not plan on robbing a convenience store that night.  He stated that he and
Guajardo stopped at the Allsup’s store on South 23rd Street because Guajardo
told him that he and the man working there were having trouble and that he was
going to fight him.  Taylor confirmed that he parked the car in the alley
across the street, but said it was so his car would not be at the scene if the
police were called about the fighting.  He denied going into the store at all
or receiving anything taken.  He insisted that he did not know the store had
been robbed until Guajardo jumped in the car and yelled, “Go, go, go.”  Taylor
acknowledged that he drove Guajardo to another Allsup’s store, knowing that he
was going to rob it.

Taylor
also testified that the marihuana and drugs they were taking were “already
coming off and wearing down by the time we robbed that store at 1 o’clock or 2
o’clock, whenever it was.”  When asked why they did not just keep driving, Taylor
responded, “I honestly don’t know.  He said we can rob that store to get some
money because we were running low on money.  I only had 45 dollars at the
time.  And I don’t know how much he had . . . I said, ‘If you want to rob a
store, you would have to be the one to do it.’”HH 
He said he understood that he would be considered an accessory for driving
Guajardo around but that he did not think anybody would get caught.  He
admitted that he thought he was going to get away with it.  Taylor subsequently
stated that, around the time of the robbery, his participation in it was in character
for him.  He further acknowledged that, once he committed the robberies with
Guajardo, he talked his mother into making his bond.  Taylor further
acknowledged that, with respect to the first robbery, he had told police that
Guajardo told him that he and the “old dude” had gotten into a fight and
Guajardo had hit him with the rifle.

            When
an appellant has made a judicial confession sufficient to sustain his
conviction for the offense charged, but additional evidence is offered that is
inconsistent with guilt, the only question presented for review is whether the
appellant’s plea of guilty should have been withdrawn by the court and a plea
of not guilty entered.  Moon v. State, 572 S.W.2d 681, 681-82
(Tex. Crim. App. 1978, op. on rehearing).  When the defendant has entered a
plea of guilty after waiving a jury and exculpatory evidence is subsequently
received, there is no valid reason for the trial court to withdraw the guilty
plea and enter a plea of not guilty for the defendant.  Aldrich v. State,
104 S.W.3d 890, 893 (Tex. Crim. App. 2003).

            Taylor
makes no claim that his judicial confession is insufficient to support his
conviction, but asserts that his testimony amounted to a retraction of his
judicial confession, leaving the evidence insufficient.   He cites no authority
for this position.  Our understanding is that the trial judge, as the trier of
fact, may consider all of the evidence, including the original judicial
confession, together with any evidence that, if believed, could indicate
innocence, and either find the defendant guilty of the primary offense charged;
find the defendant guilty of a lesser included offense, if any; or find the
defendant not guilty.  Id. at 893. 

            In
any event, the evidence is sufficient even if we do not consider Taylor’s
judicial confession.  Taylor’s accomplice, Guajardo, contradicted Taylor’s
testimony that he did not know the first robbery was going to occur, indicating
that the robbery was Taylor’s idea and that Taylor had gone in before him to
make sure it was okay to proceed with the robbery.  While the uncorroborated
testimony of an accomplice is insufficient to support a conviction, the
testimony is sufficient if the testimony is corroborated by other testimony
that tends to connect the defendant with the commission of the offense.  Cooper
v. State, 537 S.W.2d 940, 944 (Tex. Crim. App. 1976).  Excluding the
testimony of Guajardo, the remainder of the testimony, including that of Taylor
himself, tends to connect him with the commission of the offense.  Consequently,
the evidence is sufficient.  We overrule Issue One.

            Taylor
insists in Issue Two that the trial court erred in accepting his guilty plea,
when evidence during the sentencing hearing showed he lacked the requisite
intent as a necessary element of the offense of aggravated robbery.  He
presents no argument or authority in support of this issue.  As we noted in our
discussion of Issue One, there was no valid reason for the trial court to
withdraw Taylor’s guilty plea and enter a plea of not guilty for him.  See
id.  We overrule Issue Two.  

            Taylor
urges in Issue Three that the trial court erred in not considering all the
evidence when it accepted his guilty plea because his testimony during his
sentencing hearing created a fact issue on an essential element of the offense
charged.  Taylor does not refer us to anything in the record that would support
a conclusion that the trial court did not consider all of the evidence.  Taylor
argues that the trial court should have affirmatively stated for the record
that it considered all of the evidence.  He relies upon Moon, 572 S.W.2d
681, and Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon 2005) in support of his contention.  We have examined both and
find nothing that would require the trial court to state for the record that it
was doing its duty to consider all the evidence.  In any event, no objection
was presented at trial to the trial court’s failure to make such a statement
for the record, nor was there a request for the court to make such a
statement.  Consequently, nothing is presented for review.  Tex. R. App. P. 33.1(a).  We overrule Issue
Three. 

            The judgment is affirmed. 

 

 

                                                                                    PER
CURIAM

 

July 21, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]

 









 

[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.